KAYSER, Respondent, *vs.* TRUSTEES OF BREMEN, Appellants.

1. Under the act concerning "towns," (R. S. 1845), when the county court, under a state of facts, which gave it jurisdiction over the subject matter, has declared a town incorporated, the validity of its charter can only be contested by a proceeding in *quo warranto*.

2. That act is not unconstitutional. The duties imposed on the county court are judicial, and not legislative in their nature.

*Appeal from St. Louis Circuit Court.*

The opinion of the court sufficiently states the facts.

*J. R. Strother*, for appellants, contended that the general law of 1845, authorizing the county courts to declare towns incorporated, is constitutional, because the duties of the county court under it, are only judicial.

The law of 1845 was originally enacted in 1808. Under that law St. Louis, Carondelet, St. Charles, Ste. Genevieve, New Madrid, and many other towns in the state, were incorporated, and no one ever thought of questioning the validity of these charters.

The County Court having jurisdiction of the case, the validity of the charter cannot be taken advantage of in a collateral proceeding of this kind.

If the charter was obtained by fraud, a writ of *quo warranto* was the proper remedy.

*Leslie & Barret*, for same; contended that the legislature had the constitutional right to make the law which confers on the county courts the power to incorporate towns. No legislative power is delegated by that law. It only provides a way of incorporation, and defines the powers of a town thus incorporated; so that the powers are direct from the law-making branch of the government, and are not derived from the County Court.

If the corporation is without legal existence, it must be dissolved by *quo warranto*. *Bear Camp River Co.* v. *Woodman*, 2 Greenl. Rep. 404. *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 371. Hall, 198. *Hughes* v. *Bank of Somerset*, 5 Litt. 47. 16 S. & R. 140.

*F. M. Haight*, for respondent.

1. The County Court had no jurisdiction to incorporate the defendants. 1 Peters, 3 Hill.

2. The jurisdiction depends upon the construction of the act. Rev. Code 1845, p. 1048. This act gave no authority to create corporations *ad libitem*. In this case there was no town. There was a suburb of St. Louis.

3. The law of 1845 is unconstitutional and void. 1 Yerg. 452. Corporations cannot be created except by legislative authority. The legislative power under our government is vested in the General Assembly.

This is a political trust, incapable of delegation. A private trust resting upon fiduciary confidence is incapable of substitution, much more is a political trust.

SCOTT, Judge, delivered the opinion of the court.

This is a petition for an injunction, filed by the respondent against the appellants, as trustees of the town of Bremen, to restrain the collection of taxes illegally imposed by said trustees, as it is alleged.

The town was incorporated by the County Court of St. Louis county, in pursuance to the provision of the act of the Gene-

ral Assembly, entitled "An act for the incorporation of towns," approved March 7th, 1845.

Amongst the many objections urged against the validity of the proceedings of the trustees, those two only will be noticed, which are relied on to sustain the action of the Circuit Court, viz:

1. That the County Court had no jurisdiction of the subject matter, there being no town to corporate, within the meaning and intention of the General Assembly. 2. That the act of 1845, conferring on the County Courts of the respective counties, the power of incorporating towns, is unconstitutional, being the delegation of a political trust, which can alone be exercised under our institutions by the legislative power.

1. The first of the objections has no ground on which to rest. It is admitted that 164 inhabitants signed the petition, and that they lived in houses in the suburbs of St. Louis. Here, then, are houses and people, the two ingredients, if the houses are sufficiently near each other, which constitute a town, within the meaning of the act. It is obvious that those were all the requisites necessary to constitute a town, in the sense of the law. It is, moreover, admitted, that the people and houses make what is called in common parlance a suburb of St. Louis. Now, a suburb of St. Louis, if beyond its corporate limits, is as much entitled to be incorporated, and has as great need for the act, as though the same number of people and houses were forty miles distant from the city. The facts conceded, we conceive, gave jurisdiction to the County Court over the subject matter, and having declared the town incorporated the validity of its existence can only be contested by proceeding in a *quo warranto*. It cannot be shown, in defence to a suit of a corporation, that the charter was obtained by fraud; neither can it be shown that the charter has been forfeited by mis-user or non-user. Advantage can only be taken of such forfeiture by process on behalf of the state, instituted directly against the corporation, for the purpose of avoiding its charter, and individuals cannot avail themselves of it in collateral suits, until it be judicially declared.

2. We do not conceive that the act of 1845 is a delegation of political power. The duties imposed on the County Court, in relation to this subject, are judicial in their nature. They have no discretion. They have no authority to vest any power in the corporation. Their office is, upon the performance of certain acts by the inhabitants, to declare them incorporated, if satisfied of the verity of the facts set forth, and then the law declares the powers of which the corporation shall be possessed. Such a mode of incorporation is becoming common, nor has its constitutionality been questioned. Had such a power been disputable, the ability of the counsel in the case of *St. Mary Church*, 7 S. & R. 524, forbids the idea that its departure from principle would have escaped their notice. That case was under a law which authorized a corporation to amend its charter, with the approbation of the attorney general and Supreme Court.

The other judges concurring, the decree will be reversed, the injunction dissolved and the bill dismissed.