## Case No. 243.

### ALLER v. CAMERON.

[3 Dill. 198.][1]

Circuit Court, W. D. Missouri, 1874.

MUNICIPAL BONDS—MISLOCATION OF MUNICIPAL CORPORATION—ESTOPPED.

The town of Cameron was duly incorporated, but if it were not, the town having, as a corporation, voted and issued the bonds, it would be estopped in favor of a bona fide holder thereof for value to set up that it was not incorporated.

[Cited in Hill v. City of Kahoka, 35 Fed. 35.]

[At law. Action by H. M. Allen against the town of Cameron. Judgment for plaintiff.]

Action on negotiable coupons originally attached to bonds issued by the town of Cameron under the corporate seal thereof to the Chicago & Southwestern Railroad Co. or bearer, upon a vote of the people of the town. It appeared on the trial that the town of Cameron was platted on part of section 23, and the plat was so recorded. In 1867, the people living on the ground thus platted presented, under the statutes of Missouri, a petition to the county court to be incorporated as a town, and their prayer was granted; but the order of the county court in incorporating "the town of Cameron," by mistake described it as in section 24, instead of section 23. Section 24 is a farm owned by Mr. Shirts. The town has grown to have 2,000 people; and ever since its incorporation it has maintained a municipal organization, and as such voted, and in February, 1871, issued the bonds in suit. It defended against the bonds, on the ground that it was not incorporated, or rather upon the ground that the legal corporation was in section 24, and that it—i. e., the corporation de jure—did not issue the bonds. There had never been any municipal organization in section 24.

Mr. Merryman and Mr. Hall, for plaintiff.
Mr. Harwood and Mr. Edwards, for town of Cameron.

---

[1][Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON,˙ Circuit Judge. This is certainly a novel case, but we are of the opinion that the defense to the coupons in suit must fail—

1. Because, taking the petition for the incorporation of the town of Cameron in connection with the plat of the town to which it refers, and which correctly describes the location of the town, and the law which authorizes the incorporation of a town, and not of a farm upon which there is no population, the order of the county court should be construed to refer to the town, which was well known by its designation as the town of Cameron, and not to the land upon which there was no population. In other words, as either the congressional description or the reference to the town is erroneous, the court, to effectuate the intention of the petitioners and the county court, and to prevent the mischief which would result from holding invalid all that has been done by the corporation since 1867, should reject as false the congressional description, and adopt the boundaries as given in the plat to which the petition referred—this being the construction which has ever since been put by the people of the town upon the action of the county court, and the construction declared to be correct by the county court in its subsequent order in 1872, correcting the record of its action in 1867.

2. We think, also, that the town, having ever since acted under this incorporation, and as such voted and issued the bonds in ˙suit, by its officers and under its seal, it is estopped in favor of the plaintiff, or holder for value, to set up that it is not a corporation, and that the true corporation is upon the farm of Mr. Shirts, in section 24. Judgment for plaintiff.

KREKEL, District Judge, concurs.