————o————

STATE *ex rel.* A. PATTERSON, *et al.*, Appellants, *vs.* H. Mc-REYNOLDS, *et al.*, Respondents.

61   203
113   274

61   203
120   400

61   203
126   431
61a   499

61   203
d143   571

61   203
147     9

61   203
158   565

1. *Towns—Incorporation of adjoining farm lands—"Commons," meaning of term in statute—Town trustees—Proceeding against by quo warranto.*—Under the act concerning the incorporation of towns (Wagn. Stat., 1314, § 1) a county court has no power to incorporate therewith a district of farming country adjoining a town or village. The word "Commons," as used in that statute, (see also p. 1327, § 1) means lands included in or belonging to a town, set apart for public use. And where the town and outlying district, embracing such farm lands, are incorporated as an entirety, and on a petition representing the whole territory, those elected as trustees of the corporation have no authority to act, even within the proper limits of the town ; and, for exercising their functions of office, they may be proceeded against by *quo warranto.*

2. *Towns—Farming lands—Incorporation of.*—In the absence of any constitutional inhibition, the legislature may incorporate farming lands within the limits of a town.

*Appeal from Bates County Circuit Court.*

*W. P. Johnson, with H. Henry,* for Appellants.

In Missouri, the " Commons" were by laws of the United States secured to the towns and villages which had a legal existence when the United States acquired said territory. But where the land was unsettled at the date of that change, and was afterwards surveyed and sold according to legal subdivisions, the " Commons," as the word was originally, (see 1 Terr. Laws, pp. 184-5, § 687) and is still understood, could have no legal existence.

There were no commons attached to the village of Butler, but most of the outlying lands were farms, and any attempt to incorporate them under the statute as " Commons" was void, and every law and ordinance passed, and every tax levy by the board of trustees, were void.

If 900 acres of farm lands may be added as "Commons," what limitation can be placed on the power of similar annexations?

The law never could have been intended to subject the owners of farms and unoccupied lands to the burdens of town taxes, oftentimes to the extent of confiscation.

There can certainly be no doubt that the incorporation and subsequent proceedings, so far as they affect the outlying district, are void, and that as to them, the trustees ought to be restrained from exercising their powers, especially from levying taxes.

*A. T. Holcomb & John T. Smith,* for Respondents.

The relators show but one fact upon which they demand relief, viz: that their lands are used for farming purposes. They do not show a state of facts that existed in Fulton vs. City of Davenport (17 Iowa, 404), and this court has no power to inquire into the discretion of the county court on this subject of incorporation.

The question of the power of extension of corporate limits, as settled in this State, is a legislative, not a judicial question. (Giboney vs. City of Cape Girardeau, 58 Mo., 741; Powers vs. Commons of Wood Co., 8 Ohio St., 288; Weeks vs. Milwaukee, 10 Wis., 262; State *ex rel.* Read vs. Weatherby, 45 Mo., 17; Kayser vs. Bremen, 16 Mo., 88; Allen vs. City of St. Louis, 13 Mo., 422; Walden vs. Dudley, 49 Mo., 422.)

VORIES, Judge, delivered the opinion of the court.

This is an information in the nature of a *quo warranto* filed in the Bates circuit court by the circuit attorney of said circuit, to inquire into the authority by which the defendants claimed to exercise and were exercising the powers and duties of trustees of the town of Butler, in said county.

The petition was filed on the 21st day of June, 1873, and averred that the defendants, without the authority of law, were exercising and usurping the rights and duties of trustees of the "Inhabitants of the Town of Butler," in the county

of Bates, in the State of Missouri, and were passing ordinances levying taxes, etc., without any legal authority therefor. It is also averred by the petition that there is no such incorporated town or municipality as the " Inhabitants of the Town of Butler."

The defendants admit, by their answer, that they are exercising and performing the duties of the office of trustees of the "Inhabitants of the Town of Butler," in Bates county, Missouri. They aver that said town had been and was duly incorporated under and by virtue of the 41st chapter of the General Statutes of Missouri, and that they had been duly elected as trustees for said town and had qualified as such trustees, and were lawfully exercising the duties imposed on them as such trustees, setting out in detail all and each of the acts done by the inhabitants of said town, and of the county court of said county, in the incorporation of said town, as well as their election to the office of trustees for said town.

The facts of the case, as shown by the records, are substantially as follows: On the 12th day of June, 1872, the town of Butler, in Bates county, as the same was laid out in lots, streets, etc., and a plat thereof filed in the recorder's office of said county, comprised between two hundred and fifty and three hundred acres of land, and was of an irregular shape. On said day two-thirds of the inhabitants of said town and of a portion of the adjoining country, containing in all about twelve hundred acres of land, petitioned the county court of Bates county to incorporate said district of country and the inhabitants thereof (which included the platted town of Butler), the metes and bounds of which were described in said petition. The boundaries of the country so described, as well of the said town as laid out and platted, will be more fully shown by the following map or plat thereof.

State, ex rel. v. McReynolds, et al.

N

E.P.Henry.

Section Line.

Corporation Line.

Town of Butler Addition as platted of Record.

Alex Patterson.

A.H.Humphrey.

Corporation Line.

Section Line.

The county court, in accordance with the prayer of said petition, made an order incorporating said district of country, and the inhabitants thereof, in conformity to the act of the legislature in such cases provided, said order of incorporation being in regular form.

It further appears that a considerable portion of the country included in the metes and bounds of said town as thus incorporated consisted of farms and farming lands, a portion of which were the lands of the relators. That two-thirds of the taxable inhabitants petitioned the county court for the order of incorporation is not questioned, nor is it questioned that defendants were elected as trustees of the district so incorporated, provided the incorporation was legal, and the inhabitants had a right to elect trustees for said town. The defend-

ants admit that they are exercising the duties of the office of trustees of said town, and that they have passed ordinances and are about to levy and collect taxes from the inhabitants of said town, among whom are the relators. It is also shown by the evidence that at and before said order of incorporation, the said town of Butler as laid off and a plat thereof recorded, owned no commons or lands attached or belonging thereto, known by that description. Under this state of facts the plaintiff asked the court to declare the law to be as follows:

"If the court finds that a petition signed by two-thirds of the tax payers, citizens of the town of Butler, praying for an order incorporating the town of Butler and district of country surrounding said town, embracing 1,200 acres of land, three-fourths or four-fifths of which 1,200 acres of land is held, occupied and used exclusively for farming and agricultural purposes, and that only about 260 or 280 acres of the 1,200 acres were at the time included within the said town of Butler, and all its additions, the county court upon such a petition could not, under the statute, incorporate by its order any of the said district of country outside of or beyond the limits of the town and its additions, there being no commons belonging to said town; and the defendants when acting as town trustees outside of said town and its additions, though it be inside of said district of country, are acting without any warrant of authority and contrary to the statute in such case made and provided."

2d. "If the relators are not residents of the said town of Butler, but farmers living about one-fourth of a mile outside and beyond the town of Butler and all of its additions, neither their lands on which they reside, nor their personal property thereon, nor themselves while residing there, can, under the statute, (ch. 41, Gen. Stat.) be subjected to the regulations and by laws of an incorporated town, and compelled to pay corporation tax. And although the said farms of relators may have been embraced in an order of the Bates county court, purporting to incorporate the said "town of Butler and district of country," any action of said defendants as town trustees by

virtue of said order of said court outside of said town and additions, though within said district of country, is without warrant of authority and contrary to the statute."

3d. " The district of country described in the (petition) information, not being a part of the town or village of Butler, nor of its additions or commons, but farms, could not be incorporated under the General Statutes, chapter 41, and defendants have no authority as town trustees, within said district of country, any more than they would have in any other district of country, or in any other part of the county."

These declarations of law were refused by the court, and the plaintiffs excepted. The court then made a very long declaration of law on its own account. It will, however, only be necessary to copy the following portion thereof in order to show the view of the law upon which the case was decided :

" The court declares the law to be, that if it appears from the pleadings and evidence in the cause that the county court of said Bates county, upon a petition of two-thirds of the taxable inhabitants of said town, adjudged the same incorporated, designating the metes and bounds, including the said town and its additions, then said judgment of incorporation is not void, notwithstanding the metes and bounds specified may include a larger territory than is included in the original town and its additions. And if it appears from the pleadings and evidence that defendants have been duly elected and qualified as such trustees of the said town of Butler, and are acting by authority arising from said incorporation and in the fulfillment of their offices as such trustees, then they have not usurped or intruded into, nor do they unlawfully hold and execute the said office of trustees within the said town of Butler, and the court will not in this proceeding of *quo warranto* declare or adjudge whether they are or are not unlawfully exercising jurisdiction outside of said town as originally laid off, and its additions and commons. Such matters must be determined in other proceedings than the present."

The plaintiff objected to said last declaration of law, and at the time excepted. The court then rendered a final judgment in favor of the defendants. The plaintiffs filed their motion for a new trial, which being overruled, they excepted and have appealed to this court.

The questions presented by the record in this case for the consideration of this court are, whether the county court of a county can by virtue of the act of the legislature, concerning the incorporation of towns and villages (Wagn. Stat., Ed. of 1872, p. 1314) incorporate a district of country, including a considerable portion of farming country adjoining to and surrounding a town or village, and in which said town is included. And if such a corporation cannot thus be created, whether *quo warranto* is the proper remedy against persons who are assuming and exercising offices under the supposed powers of such corporation.

The first section of the act before referred to, among other things, provides that " whenever two-thirds of the inhabitants of any town or village within this State shall present a petition to the county court of the county, setting forth the metes and bounds of their village and commons, and praying that they may be incorporated and a police established for their local government, and for the preservation and regulation of any commons appertaining to such town or village, and the court shall be satisfied that two-thirds of the taxable inhabitants of such town or village have signed such petition, and that the prayer of the petitioners is reasonable, the county court may declare such town or village incorporated, designating in such order the metes and bounds thereof; and thenceforth the inhabitants within such bounds shall be a body politic and corporate, by the name and style," etc.

It would seem from the foregoing portion of the statute that power is only given to the county courts to incorporate towns and villages and their commons; that no power is conferred on county courts to incorporate a farming country not constituting a part of the town or village or the commons belonging thereto. To understand what is included in or com-

prehended by the words "a town and its commons," we need only refer to the first section of the statute of this State concerning "Town and City Plats," which provides that "whenever any city, town or village, or any addition to any city, town or village, shall be laid out, the proprietor of such city, town or village or addition shall cause to be made out an accurate map or plat thereof, particularly setting forth and describing: first, all the parcels of ground within such town, village or addition reserved for public purposes, by their boundaries, course and extent, whether they be intended for avenues, streets, lanes, alleys, commons or other public uses ; and second, all lots for sale by numbers, and their precise length and width." (Wagn. Stat., p. 1327.)

It is shown by this section that by the word " commons " as used in both this act and the act previously referred to, is meant lands included in or belonging to a town set apart for public use, and in fact the natural import of the word when used in connection with or with reference to towns and villages, is public grounds belonging to or appurtenant to the town or village. The word "commons," as used in the statute, was certainly never meant to include the farms and farming lands of individuals, who happened to reside and own lands in the vicinity of a town or village. It, I think, follows that the county court under the act of the legislature first referred to, only had power to incorporate towns and villages as laid out and surveyed into lots, streets, alleys or other public grounds and commons belonging thereto, as laid out and designated for public uses, and that any attempt by the county court to incorporate the farming lands of the country, even in the vicinity of a town, would be wholly without authority and inoperative.

It will be seen from the instructions given and refused by the circuit court that the judge of that court acted on the assumption that the action of the county court in making an order attempting to incorporate the town of Butler, together with about 1,000 acres of the adjoining farming country, might be illegal and void as to the said farming lands, but

the act of incorporation would be valid so far as the proper limits of the town of Butler were concerned, and that therefore defendants would not be usurping the office of trustees of the town, but might be trespassers when they attempted to exercise jurisdiction over the territory included in the metes and bounds as designated in the order of incorporation, but outside of the town proper as laid down in the plat thereof, and that therefore *quo warranto* was not the proper remedy to be pursued by the relators. We do not think that the circuit court was right in this assumption. The town of Butler and the adjoining country was incorporated as an entirety. The petition presented to the county court commences as follows: "We, the undersigned residents and taxable inhabitants of the village of Butler and district of country within the metes and bounds hereinafter designated, respectfully petition your honorable court to make an order incorporating, erecting and establishing as a corporate town all of the said village of Butler and section of country included within the following limits, to-wit:" (here follows a designation of the metes and bounds shown by the map copied in this opinion.) The order of the court incorporating said town or inhabitants follows the same metes and bounds, and constitutes the inhabitants within said boundary or district a body politic and corporate, etc.

It will be seen that the inhabitants of this entire district of country petitioned the court for an order of incorporation, and that the court finds that those petitioning constitute two-thirds of the taxable inhabitants, and attempts to incorporate the entire district. How can we say that the court intended to incorporate or ever would have incorporated simply the town of Butler as platted and recorded in the recorder's office, and hold that the order of incorporation is valid to that extent? It may be that the court never would have incorporated the town without the adjoining country, and it may be that the petitioners would not have desired an act of incorporation if only the town proper had been included, and no power obtained to tax the adjoining lands included in the metes and

bounds given in their petition. This case is not like the case of Woods vs. Henry et al. (55 Mo., 560.) There the town of Cameron was incorporated by the county court of Clinton county, but in giving the metes and bounds of the town, one of the calls in the description was false. A mere mistake was made in the number of the section or quarter section upon which the town was situated, but reference was made to the town plat filed in the recorder's office, where the description was proper. It was held that the false description might be rejected and enough would be left to identify the location of the town, and the corporation was upheld.

In the case now under consideration there was no mistake made—no false description. The metes and bounds included and were intended to include over 900 acres of farming lands, which it was not pretended were included in or formed part of any town or village. The county court had no right or power to make any such order of incorporation, and we cannot say that the court intended to incorporate or even would have incorporated the town with metes and bounds only including the town proper. It is not denied that the legislature of the State might include such adjoining lands within the corporate limits of a town incorporated by it, where such act did not contravene any constitutional prohibition. (Giboney vs. Girardeau, 58 Mo., 141, and cases cited.)

The remaining question is, whether *quo warranto* is the proper remedy in cases like the present one? In the case of the State vs. Coffee (59 Mo., 59), it was held by this court that " where the town corporation claims an organization and existence under it, *quo warranto* will lie against an individual for usurping the office of mayor, and in that proceeding the question of the corporate existence of the town can be tried and passed upon." That seems to settle the second point in this case also in favor of the plaintiff.

The declarations of law as asked for by the plaintiff were improperly denied.

The judgment must be reversed and the case remanded. The other judges concur.