## HILL v. CITY OF KAHOKA.

*(Circuit Court, E. D. Missouri, E. D.   May 14, 1888.)*

1. RAILROAD COMPANIES—MUNICIPAL AID—LIABILITY.
   The town of K. was incorporated by two orders of the county court, made, respectively, June 8, 1869, and November 14, 1872, pursuant to 2 Wag. St. Mo. c. 134.  The charter was forfeited for non-user, October, 1886; the creditors of the town not being made parties to the proceedings.  In the mean time the town had exercised corporate functions, electing trustees, levying and collecting taxes for municipal purposes, bringing and defending suits, and issuing railroad aid bonds.  In November, 1886, the city of K. was incorporated, embracing substantially the same population and territory as the old town of K. *Held,* that the city was liable on the bonds.

2. MUNICIPAL CORPORATIONS — DEFECTIVE INCORPORATION — RAILROAD AID BONDS.
   The county court in granting incorporation of a town under the Missouri act of February 8, 1871, (2 Wag. St. Mo. p. 1314,) acts judicially, and although its decree erroneously embraces as a "common" some 40 acres of agricultural land not subdivided into town lots, the decree is not rendered void thereby. but voidable only; and such error, so long as the state has instituted no proceedings to revoke the charter on that ground, is no defense to an action on railroad aid bonds, otherwise valid, issued by such town.

At Law.

Action upon certain railroad aid bonds issued by the town of Kahoka. The town was incorporated under the act of February 8, 1871, (2 Wag. St. Mo. p. 1314,) the first section of which, in part, is as follows: "Whenever two-thirds of the inhabitants of any town or village within this state shall present a petition to the county court of the county, setting forth the metes and bounds of their village and commons, and praying that they may be incorporated, and a police established for their local government, and for the preservation and regulation of any commons appertaining to such town or village, and the court shall be satisfied that two-thirds of the taxable inhabitants of such town or village have signed such petition, and that the prayer of the petitioners is reasonable, the county court may declare such town or village incorporated, designating in such order the metes and bounds thereof; and thenceforth the inhabitants within such bounds shall be a body politic and corporate by the name and style of 'The inhabitants of the town of ———' (naming it) etc."   The supreme court of Missouri, in construing this statute, in *State* v. *McReynolds,* referred to in the opinion, where over 900 acres of farming lands were included in the town as incorporated, held that "the word 'commons' as used in that statute, meant lands included in or belonging to a town, set apart for public use, and that the county court had no

power to incorporate therewith a district of farming country adjoining the town or village."

*F. T. Hughes* and *Frank Hagerman*, for plaintiff.

*J. W. Howard* and *Dyer, Lee & Ellis*, for defendant.

THAYER, J. This is an action on coupons of certain bonds issued by the town of Kahoka on January 1, 1873. The petition also contains a count upon a judgment against the town recovered April 10, 1877, on other coupons of the same bonds. The town of Kahoka was incorporated by two orders or decrees of the county court of Clark county, Mo., made and entered of record respectively on June 8, 1869, and November 14, 1872, pursuant to chapter 134, Wagner's Revised Statutes of Missouri. Thereafter, both before and long subsequent to the execution of the bonds in suit, the town assumed the exercise of corporate functions. Among other things done in a corporate capacity it elected boards of trustees, levied and collected taxes for municipal purposes, brought and defended suits, and issued the bonds now in question. It was clearly a corporation *de facto*, if not *de jure*. In October, 1886, by a *quo warranto* proceeding brought against the town in the circuit court of Clark county, it was ousted of its franchises (as the information and decree recites) for non-user of the same. Immediately thereafter, on November 1, 1886, the present defendant, the city of Kahoka, embracing substantially the same population and territory as the former town of Kahoka, was incorporated as a city of the fourth class pursuant to existing laws.

Under the circumstances above stated, the present city of Kahoka must be esteemed (so far as corporate creditors are concerned) the legal successor of, and as such liable for all valid indebtedness contracted by, the former town of the same name. Even if a municipal corporation can forfeit its franchises by non-user, such forfeiture will not operate to extinguish debts of the corporation contracted before the forfeiture was incurred or declared. Furthermore, if corporate creditors are not made parties to the proceeding by which the forfeiture is ascertained and declared, they are not bound by the judgment of ouster. Municipal corporations cannot extinguish their debts by changing their names, or reorganizing under new charters, or by failing to exercise their corporate powers. A debt once contracted by a municipal corporation will survive as a debt against whatever corporate entity is subsequently created to take its place and exercise its power of local government over substantially the same people and territory. *Broughton* v. *Pensacola*, 93 U. S. 266; *Mobile* v. *Watson*, 116 U. S. 289, 6 Sup. Ct. Rep. 398; *Laird* v. *De Soto*, 22 Fed. Rep. 421; *People* v. *Murray*, 73 N. Y. 535.

It is contended, however, (and this seems to be the main defense) that the decree incorporating the former town of Kahoka, of date November 14, 1872, was a nullity, because the outboundaries of the town, as defined by the decree, embraced some 40 acres of agricultural lands that had never been subdivided into town or village lots. It is conceded that incorporated towns in Missouri at the time the bonds in suit were issued had ample authority to issue such bonds, (1 Wag. St. Mo. p. 305, § 17;)

v.35F.no.1—3

but it is insisted that because the order of the county court defining the limits of the town embraced some acres of farming lands, the order was null and void, and that the bonds subsequently issued were for that reason invalid, even in the hands of a *bona fide* holder for value. The position so taken I regard as untenable for the following reasons: It is not true that the order of the county court was utterly void. The most that can be said of it is that it was erroneous, and voidable in a proper proceeding brought to test its legality. In granting the decree of incorporation the county court acted judicially on a subject-matter that was clearly within its jurisdiction. Its decree may have been, and no doubt was, erroneous, if certain agricultural lands were included within the outboundaries of the town; but the order was obligatory, and had the effect of creating a corporation which could act as such, and incur debts, until the state obtained judgment of ouster for the alleged defect in the order of incorporation, or until the order or decree of the county court was quashed in a proceeding by *certiorari*, if the latter proceeding was admissible. Such was the view taken of the effect of orders of incorporation. granted by county courts in the case of *Kayser v. Bremen*, 16 Mo. 88. It was there held in effect that such orders are so far valid (being judgments of courts having jurisdiction of the subject-matter) that they cannot be assailed collaterally or by other persons than the state from whom the municipality derives its charter. It is to be noted also that the decision in *Kayser v. Bremen* was expressly approved in *Macon Co. v. Shores*, 97 U. S. 272. The later case of *State v. McReynolds*, 61 Mo. 203, does not overrule or question the decision in *Kayser v. Bremen*, but is evidently in harmony with it. . The case of *State v. McReynolds*, was a direct proceeding in the nature of a *quo warranto*, brought by the state to annul the charter of a town because over 1,000 acres of agricultural lands had been included within the corporate limits. No question arose in that case as to the validity of contracts entered into, or other corporate acts done by the town after it was incorporated, and before judgment of ouster was pronounced, nor was the question whether the order of incorporation was void, or merely erroneous and voidable, considered or determined. I accordingly conclude that the decision in *Kayser v. Bremen* is at this day an authoritative exposition of the law of the state, and that decision necessarily implies that an order of incorporation which is defective only in the respect that it includes some farming lands, is not void, but is to be treated as erroneous and voidable in a direct proceeding brought by the proper party to annul it. In accordance with this view, it follows that, although there was a flaw in the charter of the town of Kahoka which might have warranted a judgment of ouster if the state had ever elected to question the validity of the order of incorporation on that ground, yet, until the entry of such judgment, it was a corporation *de jure* as well as *de facto*, and as such had authority to issue the bonds in suit.

Some questions not heretofore alluded to were discussed on the trial of the cause. For example, it was urged that in no event can any party but the state take advantage of a defect in the charter of a municipal corporation of the kind involved in this suit, and that the state of Missouri

(as is the fact) never attempted to revoke the charter of the town of Kahoka because farming lands were embraced within its borders. This proposition is supported by the decision in *Kayser* v. *Bremen*, and appears to be the settled doctrine in this state.

It was furthermore contended that the town of Kahoka contracted the debt sued for as a corporation, and was a corporation *de facto* if not *de jure*, and for that reason cannot defend against an innocent purchaser of the bonds, even though the order of incorporation was a nullity. *Aller* v. *Town of Cameron*, 3 Dill. 198. I have not found it necessary to consider the last proposition critically, and accordingly express no opinion as to its merit, preferring to rest my decision on the grounds before stated.

Judgment will be entered for the plaintiff.