THE STATE *ex rel.* MERIWETHER, *Plaintiff in Error,* v. CAMPBELL.

Division Two, February 27, 1894.

1. **Municipal Corporations:** FARMING LAND: STATUTE: REPEAL. Section 4385b (Laws, 1887, p. 34), permitting cities or towns as incorporated to include tracts of more than five acres used solely for farming purposes was repealed by section 977 of the Revised Statutes of 1889.

2. ———: ———: ———: ———. Notwithstanding said repeal, it does not follow that the inclusion of more than five acres of agricultural lands, used solely for farming purposes, within the corporate limits, would defeat the intended incorporation.

3. **Municipal Corporations, Organization of:** COUNTY COURT. Under Revised Statutes, 1889, section 977, permitting a city or town to incorporate when a majority of the inhabitants present a petition

to the court setting out the metes and bounds, the court's action in permitting three of the petitioners to strike off other names and to change the boundaries in the petition after its filing, invalidates the incorporation.

4. Quo Warranto: INFORMATION. An information in a *quo warranto* proceeding against an assumed public officer is not so far criminal as to require signature and authentication by the prosecuting attorney.

5. Practice: DEMURRER: BILL OF EXCEPTIONS. A bill of exceptions is not necessary to preserve a demurrer.

*Error to Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*A. Corse* for plaintiff in error.

(1) The law of 1887 (p. 34) was repealed in 1889, and the law as it stood in 1872 was re-enacted. R. S. 1889, sec. 977, Wag. Stat. (1872) p. 1314. (2) The action of the county court in striking out names to the petition and in changing the metes and bounds set out therein, invalidated the incorporation. 131 Pa. St. 368. (3) If the order of incorporation had rejected all the farm lands as surplusage and included in the order only such lands as were laid out in lots, blocks, streets and alleys, the order would then have been *coram non judice*, because it does not appear upon the face of the proceedings that the petitioners consented thereto. *State ex rel. v. McReynolds*, 61 Mo. 203. (4) It is incompetent for a court to proceed without notice to those whose rights are affected. Cooley on Const. Lim. [6 Ed.], p. 491.

*E. Y. Mitchell* for defendant in error.

(1) The petition should be dismissed; it was not signed by the prosecuting attorney of Phelps county, but by a private person not under any oath of office.

The issuance of information is intrusted solely to the discretion of the prosecuting attorney, under his oath of office, for the public good. See article 5, bill of rights, state constitution. *State v. Kline*, 79 Mo. 515; *State v. Roscoe*, 80 Mo. 643; *State v. Russell*, 88 Mo. 650; *State v. Ransburger*, 42 Mo. App. 466. (2) The city was rightfully and legally incorporated. See R. S. 1889, ch. 30, secs. 977, 1579; *Kayser v. Trustees*, 16 Mo. 88; *State ex rel. v. Weatherby*, 45 Mo. 17. (3) The county court in the case at bar acted in a judicial, administrative and legislative capacity, and had the right to strike off names from the petition, and change the metes and bounds of the proposed city. *Woods ex rel. v. Henry*, 55 Mo. 560. (4) The incorporation of agricultural lands exceeding five acres will not invalidate the corporation, for the petition nowhere avers that said lands had not been by recorded plats or sale reduced to less than five acres. R. S. 1889, sec. 1580. (5) By the laws of 1887, page 34, section 4385*a*, provisions for the incorporation of agricultural lands to the extent of two miles are made, and such statute has never been repealed, but is still in force. R. S. 1889, secs. 6606, 6607.

SHERWOOD, J.—The prosecuting attorney of Phelps county filed, *ex officio*, his information, in which he charges defendant with usurping, intruding into and unlawfully holding and exercising the office and franchise of mayor of the city of Rolla. The substance of the information is the following: "That said city had its corporate existence as a city of the fourth class under articles 1 and 5 of chapter 30 of Revised Statutes, 1889, by virtue of an order of the county court of said county made at its November term, 1890, which order was based upon a petition signed by a majority of the taxpaying citizens residing within the territory de-

scribed in the petition; that after the petition was
signed by all the petitioners, and after it was filed with
the court, the court permitted three of the signers
thereto, without the consent or knowledge of any of
the other petitioners, to alter the petition by striking
off six names of the signers thereto, and to amend it
so that it contained land different from that described
in the original petition; that the petition both before
and after such alteration and amendment, and the
order of incorporation made by the county court
included more than five acres of agricultural lands used
solely for farming purposes and never laid out in lots,
blocks or commons."

The defendant filed a demurrer which questioned
the legal sufficiency of the information, which resulted
in a final judgment in favor of the demurrrant, and
relator brought error.

Section 977 of Revised Statutes, 1889, under and by
virtue of which the city of Rolla was organized, is the
following: "Sec. 977. Any city or town in this state,
existing by virtue of the present general law, or by any
local or special law, may elect to become a city of the
class to which its population would entitle it under
the provisions of this article, by passing an ordinance
or proposition and submitting the same to the legal
voters of such city or town, at an election to be held
for that purpose, not less than twenty nor more than
thirty days after the passage of such ordinance or prop-
osition; and if a majority of such voters, voting at
such election, shall ratify such ordinance or proposition,
the mayor or chief officer of such city or town shall
issue his proclamation, declaring the result of such
election, and thereafter such city or town shall, by
virtue of such vote, be incorporated under the provi-
sions of the general law provided for the government
of the class to which such city belongs, which class

shall be determined by the last census taken, whether state or national. Any city or town of the state not incorporated may become a city of the class to which its population would entitle it under this article, and be incorporated under the law for the government of cities of that class, in the following manner: Whenever a majority of the inhabitants of any such city or town shall present a petition to the county court of the county in which such city or town is situated, setting forth the metes and bounds of their city or town and commons, and praying that they may be incorporated, and a police established for their local government, and for the preservation and regulation of any commons appertaining to such city or town, and if the court shall be satisfied that a majority of the taxable inhabitants of such town have signed such petition, the court shall declare such city or town incorporated, designating in such order the metes and bounds thereof, and thenceforth the inhabitants within such bounds shall be a body politic and incorporate, by the name and style of *the city of* ——, or *the town of* ——; and the first officers of such city or town shall be designated by the order of the court, who shall hold their offices until the first general election of officers, as provided by law, and until their successors shall be duly elected and qualified. (R. S. 1879, sec. 4385, Laws 1887, p. 34, *amended.* )''

This section is substantially identical with the section so far quoted in *State ex rel. v. McReynolds*, 61 Mo. 203; 2 W. S. 1314.

The law of 1887, page 34 which has been referred to, contained in addition to the provisions mentioned above, the following provisions:

"Section 4385*b*. The word city or town, as used in the preceding section, shall be and is hereby construed to mean any collection of houses built upon con-

tiguous and compact territory, not exceeding two square miles in superficial area, and inhabited by a population sufficient to entitle it to incorporation under the provisions of this article and the several amendments thereto; and it shall not be necessary for, or a condition precedent to, the incorporation of such city or town that the land within its boundaries, as set forth in such petition for incorporation, shall have been subdivided into blocks or lots by deeds or plats filed for record in the office of the recorder of deeds for said county or elsewhere, nor shall the court refuse to incorporate such city or town for the reason that tracts of land exceeding five acres in area, and used solely for agricultural or pastoral purposes, are embraced within its limits, but such agricultural or pastoral lands may be included within the boundaries of such city or town, subject to such provisions for their taxation for city purposes as are now or may hereafter be prescribed by any law of this state."

I. It is claimed that the section just quoted is still in force; but this position is untenable; it was plainly repealed when the amendment occurred as recited on the margin of section 977 as aforesaid. But notwithstanding section 4385*b* was thus repealed, it does not thence follow that because of this the inclusion of more than five acres of agricultural lands (used solely for farming purposes), within the corporate limits, would defeat the intended incorporation. Very frequently it might become a matter of unavoidable necessity so to include a few acres of agricultural lands, which after being thus included in the corporate limits, subsequently might be devoted to purposes strictly urban. Indeed it may be said that section 1580 of the same chapter, favors this idea, for that section when treating of cities of the fourth class says: "The mayor and board of aldermen of such city, whether

the same shall have been incorporated before becoming a city of the fourth class or not, with the consent of a majority of the legal voters of such city, voting at an election therefor, shall have power to extend the corporate limits thereof over any territory lying adjacent thereto, *or may, by the same vote, reduce the territory of such city to exclude land used for farming purposes.*" The words italicized evidently contemplate that originally farming lands might have been included within the corporate limits of a city, even under the law of 1889.

The case of the *State ex rel. v. McReynolds, supra,* was one where nearly one thousand acres of agricultural lands were attempted to be included within the corporate limits of a town, in addition to those acres covered by the town site proper, and there it was very properly ruled that the incorporation was invalid *in toto.* Besides, the quotation made from section 1580, *supra,* was not in existence in 1875 when the opinion in *State ex rel. v. McReynolds* was delivered; it first made its appearance in the laws of 1877, page 175, section 2, in the same shape it is now, and doubtless it was this provision in section 1580, which induced the legislature in the revision of 1889, to lop off section 4385*b, supra.* See also sec. 4932, R. S. 1879. Laws 1883, p. 37, sec. 1. This point must consequently be ruled against relator.

II. But the action of the county court in permitting three of the petitioners after the petition for incorporation was filed in that court, to alter the same by striking off six of the names of the signers, and to so amend the petition that it contained different land than that described in the original petition, and this without the knowledge or consent of the other petitioners, is simply *indefensible,* and this indefensible act the demurrer admits was done. To permit such conduct to be successful, would be to nullify the statute

and to permit the rights of interested parties to be sacrificed behind their backs. Such conduct is not to be tolerated; it invalidated the attempted incorporation.

III. This proceeding by *quo warranto* is only *quasi* criminal in its nature, and therefore the rules which apply to informations of a *criminal* character and require them to be signed and authenticated by the prosecuting attorney, do not apply in instances like the present. 19 Am. and Eng. Encyclopedia of Law, p. 667, *et seq.*, tit. Quo Warranto.

IV. A bill of exceptions was filed herein in order to preserve the demurrer; but this was unnecessary, such documents are *self-preservative*. *Spears v. Bond*, 79 Mo. 467. Judgment reversed and cause remanded. All concur.