STATE ex inf. ROSENBERGER, Appellant, v. TOWN OF BELLFLOWER et al., Respondents.

St. Louis Court of Appeals, February 18, 1908.

1. TOWNS AND VILLAGES: County Courts: Incorporation of Town: Agricultural Lands. A county court in incorporating a town under section 6004, Revised Statutes 1899, may take in tracts of land used exclusively for agricultural purposes where it is necessary to do so; for instance, where two villages were incorporated as one, it was proper to include a tract of about forty acres of farm land lying between them, but the county court had no jurisdiction to include within the boundaries of the town so incorporated a large tract of outlying farm land.

2. ———: ———: Jurisdiction: Collateral Attack. Where a county court in incorporating a town has no jurisdiction to render a judgment, or, having jurisdiction over the subject-matter, proceeds to render a judgment in excess of its jurisdiction, the judgment is void and its validity may be attacked collaterally.

3. ———: ———: ———: Quo Warranto. The prosecuting attorney of a county in which a town has been incorporated in excess of the jurisdiction of the county court of that county, may attack the validity of the incorporation by a proceeding in the nature of a quo warranto.

4. ———: ———: Res Judicata. Where a proceeding by a prosecuting attorney in the name of the State by a quo warranto against the trustees of an incorporated town is dismissed, the

judgment of dismissal would not be *res judicata* so as to bar an action for the same purpose against the town itself, the parties not being the same.

Appeal from Montgomery Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*E. P. Rosenberger* for appellant.

(1) The validity of the charter of a town can only be contested by a proceeding in *quo warranto.* Kayser v. Trustees of Bremen, 16 Mo. 88; St. Louis v. Shields, 62 Mo. 247; State ex rel. v. Flemming, 147 Mo. 1; Parker v. Zeisler, 73 Mo. App. 541; State ex rel. v. Birch, 186 Mo. 205; Bank v. Rockefeller, 195 Mo. 52. (2) Under the act concerning the incorporation of towns (R. S. 1899, sec. 6004) a county court has no power to incorporate therewith a district of farming country adjoining a town or village. The word "commons" as used in that statute means lands included in or belonging to a town set apart for public use. And where the town and outlying district, embracing such farm lands, are incorporated as an entirety, and on a petition representing the whole territory, those elected as trustees of the corporation, have no authority to act, even within the proper limits of the town, and for exercising their functions of office they may be proceeded against by *quo warranto.* State ex rel. v. McReynolds, 61 Mo. 203; State ex rel. v. Campbell, 120 Mo. 402; State ex rel. v. Flemming, 185 Mo. 566; State ex rel. v. Jenkins, 25 Mo. App. 484.

*W. B. M. Cook* for respondents.

(1) When the proceeding is to restrain a corporation from the lawful exercise of a franchise to it belonging, or to oust a corporation from the exercise of a franchise which it usurps, it must be against the cor-

poration itself, and not against its officers. 23 Am. and Eng. Ency. of Law (2 Ed.), pages 622, 623. (2) The effect of bringing the proceedings against the corporation in its corporate name is to admit the corporate existence. State ex rel. v. Gravel Road Co., 37 Mo. App. 496; State ex rel. v. Gravel Road Co., 187 Mo. 446. (3) An order made by the county court, incorporating a town or village, is a judgment having the force and effect of other judgments rendered by courts of competent jurisdiction, and is not open to collateral attack, unless it is void on its face. There can be no question about the legality of the proceedings of the county court in this case, and its order and judgment is therefore binding, and the validity of its judgment cannot be attacked in this proceeding. State ex rel. v. Huff, 105 Mo. App. 354; State ex inf. v. Fleming, 147 Mo. 1; State ex inf. v. Fleming, 158 Mo. 558; State v. Fuller, 96 Mo. 165; Macey v. Stark, 116 Mo. 481; Leonard v. Sparks, 117 Mo. 103. (4) "The inclusion of agricultural lands used solely for farming purposes, and not laid off in blocks, lots or commons, within the corporate limits of a city or town, will not invalidate the intended incorporation. The fact that such lands have been included within the corporate limits of said town or village, will not operate to defeat the corporation thus created." State ex rel. v. Campbell, 120 Mo. 396; Burns v. Egerton, 143 Mo. 563.

BLAND, P. J.—In the year 1892 forty acres of land lying in the eastern part of Montgomery county was laid off in lots and blocks by the owner, platted as a townsite and named Bellflower; in the year 1894, an adjoining forty-acre tract was laid off in lots and blocks and platted as an addition to the town. In 1903 and 1904 the Chicago, Burlington & Quincy Railroad Company built a railroad touching the northwest corner of the town and running thence in a northeasterly direc-

tion, leaving the whole of the town on the south side of the railroad track. H. B. Scott acquired a tract of land on the north side of the railroad and adjacent to the town. He subdivided a portion of this tract into lots and blocks, platted the same and christened it New Bellflower. He so laid off his town as to leave a wedge-shaped piece of land containing thirty-nine acres, between the town of Bellflower and New Bellflower. Both towns have built up and are in a prosperous and growing condition. They are connected by two roads, an old county road on the east, now called Main street by both towns, and by another road west of the railroad depot. On December 19, 1904, two-thirds of the inhabitants of both towns presented a petition to the county court asking that the two towns be incorporated as one under the name of the town of Bellflower. The territory which the petition asked to be incorporated is described as follows: "Commencing at the northeast corner of the southeast quarter of the southeast quarter of section 15, township 49, range 4 west, thence west to the northwest corner of the east half of the southwest quarter of the southeast quarter of section 16, township 49, range 4 west, thence south to the southwest corner of the east half of the southwest quarter of the southeast quarter of section 21, township 49, range 4 west, thence east to the southeast corner of the southeast quarter of section 22, township 49, range 4 west, thence north along the section line to the place of beginning, and all lying and being in Montgomery county, Missouri." This territory includes not only all the land laid off in lots and blocks in both towns but also over six hundred acres of farm land surrounding and adjoining the towns, and also the thirty-nine acre wedge-shaped tract lying between the two towns. The county court heard the petition on March 8, 1905, granted the prayer of the petitioners, entered a judgment incorporating the territory described into a village, and appointed five inhabitants

of the village as trustees of the municipality to hold office until their successors should be duly elected and qualified at the annual election (for town officers) to be held on Tuesday, April 5, 1905. The appointees entered upon the duties of their offices and the village has continued to elect officers and exercise its charter powers as an incorporated village to the present time. This proceeding is by information in the nature of *quo warranto* to disincorporate the town and oust defendants from their offices as trustees thereof. There is no allegation in the information, of fraud or collusion on the part of the county court, or that any fraud or unfair means was practiced upon the court by the petitioners for the incorporation. The circuit court heard the cause and rendered judgment for defendants. Relator's sole contention for a reversal of the judgment is that the proceedings in the county court were "void and illegal and of no force and effect because the petitioners therein sought to incorporate within the limits of the territory therein described six hundred and ninety (690) acres of land used exclusively for farming purposes and for pastures, and sought to incorporate eleven hundred (1100) acres of land into a village.

"Because the said county court was without jurisdiction to grant the relief prayed for because the petitioners therein sought to incorporate within the borders of the town of Bellflower, and within the territory described in the petition, a separate and distinct town known, platted and designated as the town of New Bellflower, said town of New Bellflower being a separate and distinct town from the old town, not adjacent to nor joining the old town, but on the contrary separated and isolated from said old town by a farm owned by one H. B. Scott, containing forty and five hundredths acres."

Summarily stated the relator's contention is that because there is a large area of farm lands embraced

in the boundary of the corporation by the order of the county court, the court exceeded its jurisdiction and its judgment of incorporation is void.  The jurisdiction of county courts to incorporate towns and villages is conferred by the first clause of section 6004, Revised Statutes 1899, which is an exact copy of an Act approved March 8, 1871 (2 Wagn. Stat. (1872), sec. 1, p. 1314). The clause provides as follows: "Whenever two-thirds of the taxable inhabitants of any town or village within the State shall present a petition to the county court of the county, setting forth the metes and bounds of their village and commons, and praying that they may be incorporated and a police established for their local government, and for the preservation and regulation of any commons appertaining to such town or village, and the court shall be satisfied that two-thirds of the taxable inhabitants of such town or village have signed such petition, and that the prayer of such petition is reasonable, the county court may declare such town or village incorporated, designating in such order the metes and bounds thereof, and thenceforth the inhabitants within such bounds shall be a body politic and corporate, by the name and style of 'The town of ————.' "  This clause of the statute came under review in the case of State ex rel. v. McReynolds, 61 Mo. 203, a *quo warranto* proceeding to inquire into the authority by which the defendants claimed to exercise the power and duties of trustees of the town of Butler, in Bates county.  The facts and ruling thereon are correctly stated as follows in the headnote:   "Under the act concerning the incorporation of towns (Wagn. Stat., 1314, sec. 1) a county court has no power to incorporate therewith a district of farming country adjoining a town or village.  The word 'Commons,' as used in that statute (see also p. 1327, sec. 1), means lands included in or belonging to a town, set apart for public use.  And where the town and outlying district, embracing such farm lands, are

incorporated as an entirety, and on a petition representing the whole territory, those elected as trustees of the corporation have no authority to act, even within the proper limits of the town; and, for exercising their function of office, they may be proceeded against by *quo warranto.*" Defendants contend, however, that the McReynolds case was modified by the later case of Burnes ex rel. v. City of Edgerton, 143 Mo. 563, 45 S. W. 293. Edgerton was a city of the fourth class, and the statute in regard to the incorporation of cities of this class is materially different from the first clause of section 6004, and much more liberal in respect to the outlying territory that may be included in such cities. The radical difference between these two statutes is pointed out in the opinion of the court and the case is distinguished from the McReynolds case on account of the difference in the statutes under which the two cases arose. The McReynolds case is not criticised by the learned judge who wrote the opinion in the Burnes case, and though it has been frequently cited by the Supreme Court, its soundness has never been questioned or doubted. It undoubtedly states the law correctly and the law which must govern the case in hand. Section 977, Revised Statutes 1899, which, among other things, provides for the incorporation of unincorporated cities and towns on petitions to the county court, states that such petition shall set "forth the metes and bounds of the city or town and commons." Construing this clause of the statute in the case of State ex rel. v. Fleming, 158 Mo., the court at pages 565-66 said: "It is the general character, fitness, use, and adaptability of the united whole, and not the use for which a small fraction of the designated district may be employed, that must determine what constitutes a city or town, in contemplation of section 977, Revised Statutes 1889, authorizing any county court

to incorporate same, when the conditions precedent and necessary thereto have been complied with.

"While it is true that the county courts of our State have no right to incorporate farming or agricultural lands, as such, into cities or towns, as was attempted in the McReynolds case, supra, yet lands used for agricultural purposes solely, may become so surrounded and connected with lands used for town and city purposes, as to be and constitute a part thereof, so that the incorporation of the town or city would, as a necessity, include within its natural boundaries such lands, and this court has three times held since the opinion in the McReynolds case, supra, that the inclusion of small tracts of agricultural lands within the corporate limits of the unincorporated town would not operate to defeat the corporation thus created. [State ex rel. v. Campbell, 120 Mo. 396, 25 S. W. 392; Burnes v. Edgerton, 143 Mo. 563, 45 S. W. 293, and Copeland v. City of St. Joseph, 126 Mo. 417, 29 S. W. 281.]"    On this liberal construction we do not think the wedge-shaped piece of land separating the two towns ought or can defeat their incorporation as one town. The necessity of taking it into the corporation is apparent, and the fact that it is used for farm lands ought not to defeat the right of the two towns to incorporate as one.    But it seems to us that under the authority of the McReynolds case, the county court exceeded its jurisdiction by including within the boundaries of the town over six hundred acres of outlying farm land.

The point is made by defendant that *quo warranto* is not the proper remedy.    It is also contended that the judgment of the county court is final and conclusive and cannot be disturbed except for fraud.    This is a mistaken idea.    It is true that had the county court acted within its jurisdiction its judgment could not be attacked in this proceeding, except upon allegations of

fraud or connivance. [State ex rel. v. Fleming, supra; State ex rel. v. Huff, 105 Mo. App. 354, 79 S. W. 1010.] But where the county court has no jurisdiction to render a judgment in the proceeding or, having jurisdiction of the subject-matter, proceeds to render a judgment in excess of its jurisdiction, the judgment is void and its validity may be attacked even collaterally. The decisions and authorities are all one way that the State, by its attorney-general or by the prosecuting attorney of the county in which the town is situated, may attack the validity of the incorporation of a town by a proceeding in the nature of *quo warranto*. [State ex rel. v. Fleming; State ex rel. v. McReynolds, supra; State ex rel v. Birch, 186 Mo. 205, 85 S. W. 361; Bank v. Rockefeller, 195 Mo. 1. c. 42, 93 S. W. 761, and cases cited.] It was pleaded and shown in evidence that on May 1, 1905, the State ex rel. E. P. Rosenberger, prosecuting attorney of Montgomery county, filed an information in the nature of *quo warranto* in the circuit court of said county against James Davidson, H. C. Hupe, Charles Rohrer, J. W. Perkins and R. H. Dyke, the then trustees of the town of Bellflower to oust them of their offices as such trustees. The issues were made up by proper pleadings and the cause was heard in the Montgomery Circuit Court. The court dismissed the proceedings for the reason, as stated in its judgment, "the town of Bellflower was not a party defendant to the action." This proceeding is pleaded and relied on by defendant as a bar to this action. The proceeding is not a bar to this action for the reason the parties are not identical, and also for the reason the merits of the cause were not adjudicated; the proceedings were simply dismissed.

For the reasons herein stated the judgment is reversed and the cause remanded, with directions to the circuit court to enter judgment for relator against defendant as prayed for in the petition. All concur.