STATE OF MISSOURI ex inf. H. C. BLACK, Prose-cuting Attorney, Appellant, ex rel. H. B. SCOTT, Relator, v. C. C. GOOCH et al., Trustees of Town of Bellflower, Respondents.

St. Louis Court of Appeals.   Argued and Submitted May 7, 1913.
Opinion Filed June 3, 1913.

1. MUNICIPAL CORPORATIONS: Proceedings for Incorporation: Validity: Failure to Describe "Commons:" Evidence.   In a quo warranto proceeding, challenging the validity of an order of incorporation of a town on the ground that the petition for, and the order of, incorporation failed to describe any "commons" by metes and bounds, and failed to allege, as an excuse for the absence of such description, that there were no "commons," *held* that the petition, in an action instituted by the person who is relator in the present proceeding, to prohibit the county court from including certain land within the bound-aries of such town, was not competent to prove that there were no "commons."

2. ——— : ——— : ——— : ———.   The failure of an order of the county court relative to the incorporation of a town, under Sec. 8529, R. S. 1909, to describe the "commons" within the corporate boundaries or to allege that there are no "commons," renders the order void.

Appeal from Montgomery Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*Harry C. Black,* prosecuting attorney, for appel-lant; *E. Rosenberger & Son* of counsel.

A petition presented to the county court praying for the incorporation of a town is fatally defective, in a direct attack upon the validity of the attempted in-

corporation, if it omit all reference to the "commons" appertaining to said city or town. If there are no "commons" the petition should so state; and if there are they should be described therein by metes and bounds. A county court is a court of inferior and limited jurisdiction, and where the statute prescribes what the petition for incorporation of a town shall contain that prescription is preclusive and mandatory, and without a strict compliance therewith the court is without jurisdiction to make an order incorporating the city. State ex rel. v. Woods, 233 Mo. 357.

*W. B. M. Cook and Creech, Penn & Palmer* for respondents; *Woolfolk & Cannon* of counsel.

(1) The court properly admitted in evidence the certified copy of relator's petition in the case of State ex rel. v. Lichte, and that on two theories, namely: (a) That the matter of the jurisdiction of the county court of Montgomery county to incorporate as a part of the town of Bellflower the outlying unplatted lands described in said petition for incorporation was adjudicated in said cause. State ex rel. v. Lichte, 226 Mo. 285. (b) That the relator in that cause, being the same H. B. Scott, relator here, admitted in the petition for writ of prohibition that no "commons" was sought to be incorporated in the town of Bellflower. I Ency. Ev. 424-425; Bowman v. Steam Heating Co.; 80 Mo. App. 628; Snyder v. Railroad, 112 Mo. 541; Spurlock v. Railroad, 125 Mo. 406; Anderson v. McPike, 86 Mo. 293. (2) Although H. B. Scott may not have been a nominal or formal party to the proceedings in the county court of Montgomery county, yet he was represented by agent and by attorney and was a party in interest, and in the case of State ex rel. v. Lichte, and the present case, he is both a formal party and the real party in interest, so that he is bound and concluded by the judgment in the case of State ex rel. v. Lichte, as

to his rights and interests in the subject-matter of that action. 23 Cyc. 1215, 1216 and 1245; Landis v. Hamilton, 77 Mo. 565; Railroad v. Levy, 17 Mo. App. 508; State ex rel. v. Barker, 26 Mo. App. 491; Gooch v. Hallan, 30 Mo. App. 454; Koontz v. Kaufman, 31 Mo. App. 409; Rieschick v. Klingiehoefer, 91 Mo. App. 434; Edmonton v. Carter, 180 Mo. 515; Fiene v. Kerckhoff, 176 Mo. 516; Watts v. Lever District, 164 Mo. App. 288.

REYNOLDS, P. J.—This is the third time that the question of the proposed incorporation of the town of Bellflower has been before the appellate courts. In State ex inf. Rosenberger v. Town of Bellflower et al., 129 Mo. App. 138, 108 S. W. 117, our court held that inasmuch as it was proposed to include within the limits of the new town 690 acres of land used exclusively for pastures and it was sought to incorporate 1100 acres of land into the village, that the judgment of the county court was void as in excess of the authority of that court; that the county court had no jurisdiction to include within the boundaries of the town so large a tract of outlying pasture land. The matter of the proposed incorporation then came before the Supreme Court in State ex rel. Scott v. Lichte et al., Judges of the County Court of Montgomery County, 226 Mo. 273, 126 S. W. 468. There a writ of prohibition was sued out to prohibit the county court from including within the boundaries of the proposed town an area comprising 460 acres, the petition for incorporation proposing to include that area. This is the same petition as in the instant case. On hearing, the Supreme Court vacated the alternative writ and dismissed the proceeding, holding that the proposed town, including, as it did, a tract of 460 acres, did not cover an undue number of acres and that while county courts are not given authority to include large bodies of farm lands within the limits of a village, where the only apparent pur-

pose for including them is to increase the taxable area, on the other hand they are not limited "strictly to the platted land and commons, but may include a reasonable quantity of other land when it is so situated that it appears to be designed and adapted to urban purposes and necessary or convenient to the reasonable exercise of the village government;" and that whether this is so is a question in the first instance for the determination of the county court.

Then came this present action, a proceeding by *quo warranto,* challenging the validity of the action of the county court in granting incorporation.

Following the decision of the Supreme Court in the Lichte case, supra, the county court of Montgomery county went forward with the matter under the same petition for incorporation which had been before the Supreme Court in the Lichte case and entered up a judgment incorporating the town of Bellflower as a village with an area of 460 acres. Following this action of the county court the county attorney, at the relation of one H. B. Scott, a nonresident owner of lands within the limits of the proposed town, brought *quo warranto* against the town and the persons named as members of its first board of trustees, challenging the legality of the action of the county court in granting the incorporation. The action was dismissed as against the town of Bellflower and proceeded against the members of the board of trustees. It was heard before the circuit court, the preliminary writ which had been issued was quashed and the cause dismissed. From this action the prosecuting attorney and relator duly perfected an appeal to this court.

In addition to a challenge of the action of the trial court in the admission of certain testimony, which in the view we take of the case it is unnecessary to notice, except incidentally as to one matter of evidence, to which we will hereafter refer, the decree of incorpora-

175 Mo. App. 18

tion is challenged because it was rendered by the county court while holding a session at Montgomery City, the proceedings having been instituted at Danville and it being claimed that the cause had not been transferred from Danville to Montgomery City in accordance with the Act of February 26, 1897 (Laws 1897, p. 77), providing for holding sessions of the county court at Montgomery City as well as at Danville; second, because the petition for incorporation failed to state facts sufficient to give the county court jurisdiction, in that it failed to describe any "commons" by metes or bounds, and failed to allege, as an excuse for the absence of a description of commons, that there were no commons; third, because the territory incorporated includes an excessive area of farming and pasture lands.

The second proposition is really the vital one in the case. The petitioners in the petitions presented to the county court, after setting out that they constituted more than two-thirds of the taxable inhabitants living within the boundary of the territory thereinafter described, pray to be incorporated "under a police established for our local government, and for the preservation and regulation of any commons appertaining to the territory within such boundary, known as the town of Bellflower as aforesaid, and that the metes and bounds of said territory within which said taxable inhabitants reside, and which is sought to be incorporated by this proceeding, are as follows," then describe the tract by metes and bounds as in several sections and subdivisions thereof, all lying and being in Montgomery county. The petition concludes with a prayer that the territory included within the above described boundaries shall be incorporated as a body politic and be known by the name and style of the town of Bellflower. No "commons" are set forth by "metes and bounds," nor mentioned, save as above.

As before stated, after the termination of the proceedings under the writ of prohibition in the Lichte case, supra, the county court of Montgomery county, in session at Danville, again took up the cause on May 16, 1910, and transferred it to Montgomery City, where on May 17th it entered up an order, which, after reciting that the matter of the petition of the signers which had theretofore been filed in the office of the county clerk of the county, praying that the town of Bellflower be incorporated under and by virtue of the provisions of article 6, chapter 91, of the Revised Statutes of Missouri for 1899 (now article 6, chapter 84, Revised Statutes 1909), and now coming on to be heard, and it appearing by the petition filed that "the following metes and bounds embracing the town of Bellflower sought to be incorporated are described and set forth, to-wit." (Here follows the description of the exterior lines by metes and bounds, the sections and parts of sections included being as in the petition.) The order then proceeds: "And now the above cause having been continued from May 16, 1910, again comes on to be heard and all parties interested being present and represented by their attorneys of record; and the said petition being by the court fully heard and carefully examined upon the evidence adduced and the court being satisfied from said hearing and examination of said petition and from the evidence submitted that two-thirds of the taxable inhabitants of said town of Bellflower, in the metes and bounds hereinabove described, have signed said petition and that the prayer of said petitioners is reasonable; it is therefore ordered, adjudged and decreed by the court that said town of Bellflower be and the same is hereby incorporated by and under and within the above described metes and bounds and that the inhabitants within such metes and bounds shall be henceforth known as a body politic and corporate by the name and style of 'The town of Bellflower.'"

Following this is the designation and appointment of respondents as trustees of the town, to hold their offices until the general election for town officers to be held on the succeeding first Tuesday in April, and until their successors are duly elected and qualified.

We are compelled to hold, on careful consideration of the decision of our Supreme Court in State, on the Information of the Attorney-General, v. Woods, 233 Mo. 357, 135 S. W. 932, and on the authority of that decision, that the order of the county court in the case before us, is void. No reference to commons is in the order nor are they described by metes and bounds in the petitions. The respondents attempted in the trial of this cause in the circuit court to overcome this difficulty by introducing evidence tending to show that in point of fact there were no commons within the boundaries. They attempted to prove that by the introduction of the petition which was filed by the relator here, Scott, who was relator in the Lichte case, supra. We do not think that this was competent proof of that fact. Moreover it will be observed that the petition in the case for the establishment of the town, in so many words, does set out that the petitioners "pray to be incorporated under a police established for our local government, and for the preservation and regulation of any commons appertaining to the territory within such boundary, known as the town of Bellflower as aforesaid." This would seem to be conclusive against the petitioners, respondents here, that there were commons. Waiving that however, it will be noticed that there is an entire failure in the petition to set forth the metes and bounds of any commons or to describe them in any manner whatever. In the order itself there is no reference whatever to any commons as included within the boundaries of the town. Nor is there any statement of record that there are no commons included within the boundaries. As we understand the decision of our Supreme Court in the Woods case, su-

pra, the omission of this in the record is fatal to the validity of the order as in direct disregard of the provisions of section 8529, Revised Statutes 1909. It was on a like omission that the Supreme Court dwelt at great length in the Woods case and held the judgment of incorporation void. Another reason, namely, fraud in the procuring of the order, of which there is no suggestion in the case at bar, it is true, was also assigned, but the Supreme Court clearly treated the "commons" point as a vital one on which it held the attempted incorporation invalid.

In this view of the case we do not consider it necessary to determine the other point suggested, namely, whether the haring of the cause had been lawfully adjourned from Danville to Montgomery City, at which place this final order was made; that is, whether the order had been made at a valid session of the court, and whether too much land was embraced in the proposed limits.

Resting our decision on what we understand to be that of our Supreme Court in the Woods case, supra, the judgment of the circuit court must be reversed and the cause remanded with directions to that court to award a peremptory writ of *quo warranto* as prayed for; this, however, without prejudice to a renewal of petitions, in statutory form, for the incorporation of the same territory into the proposed town or village. *Nortoni* and *Allen, JJ.,* concur.

