THE STATE EX REL. D. A. LEE ET AL., Respondent, v. THOMAS A. JENKINS ET AL., Appellants.

### St. Louis Court of Appeals, April 19, 1887.

1. JURISDICTION, APPELLATE—QUO WARRANTO.—An appeal from a judgment in a *quo warranto* proceeding charging private individuals with usurping the functions of a municipality, is properly taken to the court of appeals.

2. ——— PARTIES TO SUIT.—In such a case, a relator who is an inhabitant of the described territory has a litigable interest in the controversy.

3. MUNICIPAL CORPORATIONS.—The statute which provides that a county court may incorporate a village or town upon a petition of two-thirds of its inhabitants, means two-thirds of its taxable inhabitants.

4. EVIDENCE—INCOMPETENT.—Papers purporting to establish a certain fact can not, on the theory that they fail to so establish it, be introduced for the purpose of showing the non-existence of such fact.

APPEAL from the Ripley County Circuit Court, JOHN G. WEAR, Judge.

*Reversed and remanded.*

J. C. SHEPPARD and C. D. YANCEY, for the appellants : The common law writ of *quo warranto* does not exist in Missouri. It has been superseded, "in consequence of the length of its process, by the speedier process of an information in the nature of a *quo warranto.*" Tomlin's Law Dictionary, title, *quo warranto ; The State v. Ins. Co.*, 8 Mo. 330 ; *The State v. Stone*, 25 Mo. 555 ; *The State ex rel. v. Vail*, 53 Mo. 97. Counsel for relators here has, it seems from the petition, confounded the writ of *quo warranto* with an information in the nature of *quo warranto.* The petition fails to disclose the interest of the relators in the subject matter of the suit. The especial province of the writ is to determine the title to an office or franchise where the interest of the relators is clearly set forth. *The State ex rel. v. Lawrence*, 38 Mo. 535 ; *The State ex rel. v. Boal*, 46 Mo. 528 ; *Commonwealth ex rel. v. Cluley*, 56 Penn. 270 ; 17 Viner's Abridgment, 177. The statute (sect. 5004) requires only that two-thirds of the taxable inhabitants shall sign a petition for incorporation. Any other construction is unreasonable and violative of all rules of statutory construction. *Fanny v. The State*, 6 Mo. 142 ; *Proctor v. Railroad*, 64 Mo. 112 ; *Neenan v. Smith*, 50 Mo. 525 ; *Rosenblatt v. Heman*, 70 Mo. 441 ; *The State ex rel. v. Laughlin*, 73 Mo. 443.

WILLIAM N. NALLE and MARTIN, LAUGHLIN & KERN, for the respondent : Two-thirds of all the inhabitants of a town must sign the petition for incorporation in order to give the county court jurisdiction. Rev. Stat., sect. 5004. When a jurisdictional fact is necessary to the exercise of authority by a court of limited jurisdiction, it will be presumed that the court found the fact as existing, if the court is vested with full authority on the subject matter it acts upon. This rule is invoked

in sustaining the validity of judgments. But it protects and upholds them only from attacks in collateral proceedings. *Johnson v. Beazly*, 65 Mo. 250; *Sims v. Gray*, 66 Mo. 614; *The State v. Evans*, 83 Mo. 319; *The State v. Young*, 84 Mo. 90. When the question arises in a direct proceeding, instituted especially for determining the validity of the judgment, it would seem that the jurisdictional fact must be forthcoming, and that the presumption of its presence is not conclusive. *Kayser v. Trustees of Bremen*, 16 Mo. 88; *The State v. McReynolds*, 61 Mo. 203.

LEWIS, P. J., delivered the opinion of the court.

This is an information in the nature of a *quo warranto* against the defendants, who are acting as trustees of "The Inhabitants of the Village of Doniphan." The information charges that no such village exists, or ever did exist as a corporation created by law, and that the defendants are unlawfully and wrongfully usurping powers and trusts not vested in them, by levying and collecting taxes, passing municipal ordinances, and otherwise assuming municipal control over certain territory described, and the residents therein; that, in the year 1847, the town of Doniphan was regularly laid off and established as the county seat of Ripley county, covering an area of twenty-one acres, with defined metes and bounds, and since that time, no change has ever been lawfully made in the boundaries or area of said town; that the territory, over which the defendants assume control as trustees, covers an area of about one hundred acres, including the town of Doniphan and sundry farming lands, gardens, residence lots, etc., occupied by the residents as adjoining proprietors, and not as villagers. The information is framed in the name of the State of Missouri as the plaintiff, by J. A. Gregory, as prosecuting attorney of Ripley county, in his official capacity, and, also, on the relation of D. A. Lee and William Proctor, and prays that the defendants be ousted

of their usurped authority, and that the pretended corporation be declared a nullity.

The answer avers that the defendants are the lawfully constituted trustees of the "Inhabitants of the Village of Doniphan," a body politic and corporate, which was, in due form of law, organized and established as such over the territory described in the information, by virtue of an order of the county court of Ripley county, made and entered of record on November 4, 1885. Judgment of ouster was entered according to the prayer of the information, and the defendants appealed.

A point is made by counsel for the respondent on the jurisdiction of this court. He affirms that the appeal should have been taken to the supreme court, under the constitutional provision applying to cases where a "county or other political sub-division of the state is a party." The objection is conclusively answered by the fact that this is a proceeding against individuals as personal wrong-doers, and the supposed corporation is not a party, in any way. At the same time, the point made admits, necessarily, that the defendants, at least, represent a "political sub-division of the state." This being so, the sub-division must be an existing municipal corporation, contrary to the plaintiff's averment, and the plaintiff has no case, on any ground.

The principal question for our determination turns upon the interpretation of Revised Statutes, section 5004, which provides that, "whenever two-thirds of the inhabitants of any town or village, within this state, shall present a petition to the county court of the county, setting forth the metes and bounds of their village and commons, and praying that they may be incorporated, * * * and the court shall be satisfied that two-thirds of the taxable inhabitants of such town or village have signed such petition, and that the prayer of such petition is reasonable, the county court may declare such town or village incorporated." The petition for incorporation, presented to the county court,

purports to come from "the undersigned residents and taxable inhabitants of the village of Doniphan," and is signed by fifty-four names. A witness testified that he had "tried to count" the inhabitants within the proposed corporate boundaries, and found the number to be three hundred and seventy-four. The order of the county court declares: "Now, therefore, it appearing, to the satisfaction of this court, that two-thirds of the taxable inhabitants have signed such petition, and that the prayer of such petition is reasonable, the said village of Doniphan is hereby incorporated with the following metes and bounds, etc." Here follows the description, as in the information.

On the part of the plaintiff it is contended that the record must show the petition to have been presented in the first place by two-thirds of *all* the inhabitants of the town or village, otherwise the court never acquired jurisdiction of the subject matter ; and that the record recital, following the language of the statute, and showing that "two-thirds of the taxable inhabitants have signed such petition," can avail nothing to cure the original defect of jurisdiction. Such an interpretation would, in nine cases out of ten, render the law impossible of execution. It is not unreasonable to suppose that in many, if not a majority, of Missouri towns and villages, at least one-half the population consists of women and children. It would, therefore, be impossible for two-thirds of the whole number to sign a petition, without including many who are not *sui juris*. The absurdity of the interpretation appears also in other considerations. It pre-supposes that two-thirds of all the inhabitants will generally be different from, and presumably a greater number than, a like fraction of the taxable inhabitants. It follows that a larger number of signing citizens will be required to get the preliminary and inconclusive attention of the court to the subject than will suffice to authorize the solemn, final, and effectual *fiat* of incorporation. We can not suppose that

the legislature ever intended such absurdities. The law must have a reasonable interpretation ; and to that end, all its parts must be considered together. The legislative intent clearly appears in the reservation that the court shall first be satisfied, before making the order, that " two-thirds of the taxable inhabitants of such town or village have signed such petition ; " and it was never contemplated that this intent should be defeated by a strained and impracticable technicality concerning the jurisdiction. Indeed, it may be a question whether an inquiry of jurisdiction is at all pertinent to the first presentation of the petition. The real, vital condition of jurisdiction to make the order asked for, arises upon a judicial ascertainment of the fact that the petition has been signed by two-thirds of the *taxable* inhabitants. The first expression in the statute, "two-thirds of the inhabitants," must be harmonized with the second, "two-thirds of the taxable inhabitants," as relating to one and the same physical condition which is to vindicate the right of incorporation. Our supreme court tells us that, when the provisions of a law are inconsistent or contradictory, or when a literal construction of one part would conflict with another, and with the manifest intent of the act, or would lead to absurd conclusions, a proper interpretation may make it necessary to depart from such literal construction. *The State to use v. Heman*, 70 Mo. 441; *Proctor v. Railroad*, 64 Mo. 112. The circuit court, in the giving and refusing of instructions in this case, adopted the plaintiff's interpretation of the statute ; erroneously holding the county court's action void, for want of jurisdiction.

If we rightly understand the argument submitted for the appellants, it assumes that the plaintiff has improperly confounded the common law writ of *quo warranto* with the information in the nature of a *quo warranto*, and that this proceeding should not be sustained, be-

cause the relators have not shown in themselves a litigable interest in the matter of controversy. There is nothing in either branch of the objection. The information is, perhaps, unnecessarily prolix, and abounds in repetitions, but it is modeled upon the legitimate framework of an information in the nature of a *quo warranto*, and not upon that of the ancient writ. The prosecuting attorney presents it in his official capacity, in the name of the state, and as a measure needed to preserve the sovereignty of the state, and to arrest an alleged intermeddling with her governmental functions by unauthorized persons. It does not develop a contest between rival claimants of the same office, or franchise, and does not need a private relator who can show a better title than that of the other party. The officer, while using the names of relators, at the same time avers and informs of the facts alleged, as upon his own official knowledge. If it be considered, nevertheless, that the relators should show an interest in the matter of controversy, this requisite is supplied in the averment that they are residents within the described territory. Tancred, Quo Warranto, 45 ; *The State ex rel. v. Vail*, 53 Mo. 110. No serious objection can be maintained against the sufficiency of this information, on its face.

It was determined, in *The State ex rel. v. McReynolds* (61 Mo. 203), that, under the statute, a county court has no power to incorporate with a town a district of farming country adjoining it. It is claimed in this case, however, that all the lands included in the order of incorporation, outside the original boundaries of the county seat, comprise lawfully created additions to the town of Doniphan. If this · be true, the decision just mentioned does not interfere with the validity of the incorporation. But the plaintiff undertook to show that all the alleged acts of addition were void, chiefly because the plats were not acknowledged by the land owners, as the statute requires. The manner of doing this was unique. A number of papers, purporting to be recorded

plats of additions, were offered in evidence for the purpose of showing their invalidity. In other words, the plaintiff introduced the papers in evidence to prove that they were not evidence. The court permitted this to be done.

Whether or not the real facts of the case require that the additions should be treated as created, in law, sufficiently for the purposes of the present inquiry, the record does not enable us to determine. In *Ragan v. McCoy* (29 Mo. 356), it was held that "there may be a dedication to the public of the streets of a town, although the proprietors laying out such town may not comply with the provisions of the act concerning the plats of towns and villages." The proprietors, by an omission to follow the law, may have subjected themselves to a penalty, and yet, in favor of third persons, their act will be binding. And in *Mason v. Pitt* (21 Mo. 391), it was held that the failure of the proprietor of a town to record a plat of it, will not prevent the title from passing to a purchaser. Several contingencies may be supposed, in which, although the proprietors may have failed to acknowledge their plats of additions, the acts done by them may, by estoppel, have created valid additions in favor of the state, of the general public, and of the resident holders of lots, so that one, or all, of these several interests may be entitled to the privileges of an incorporation. The proper course of trial upon this branch of the inquiry would have been for the plaintiff to prove, as far as practicable, that all the lands adjoining the original town site, were purely rural in their character, uses, and occupancy ; thus making a *prima facie* case against the incorporation, under the ruling in *The State ex rel. v. McReynolds*, and throwing the burden of proof on the defendants to show that the same lands were lawful additions to the town, so as to authorize the extension of corporate powers over them.

All the judges concurring, the judgment is reversed and the cause remanded.