STATE ex rel. SUTTON et al., Relators, v. JOHN WIETHAUPT et al., Respondents.

St. Louis Court of Appeals, June 28, 1910.

1. **MUNICIPAL CORPORATIONS: City of Third Class: Petition for Incorporation: Majority of Taxable Inhabitants only Required.** In order to authorize a county court to incorporate a city of the third class, under section 5257, Revised Statutes 1899, it is not necessary that a majority of the inhabitants of such city petition the county court for such action, but it is sufficient if a majority of the taxable inhabitants petition the county court therefor.

2. ————: **Incorporation: Finding by County Court: Judicial Act: Not Reviewable by Certiorari.** In proceedings for incorporation, a finding by the county court that the petitioners for incorporation were not only a majority of the taxpaying inhabitants of the territory to be incorporated, but a majority of all the inhabitants, was a judicial act, which cannot be reviewed by certiorari; perhaps not in any proceeding.

3. **CERTIORARI: Municipal Corporations: Attacking Incorporations.** In a proceeding by certiorari, to determine the propriety of an order of a county court incorporating a city of the third class, while the court preferred to dispose of the questions presented on their merits, rather than go into the question of the propriety of the remedy, it is *held* the court must not be understood as determining that certiorari is a proper remedy.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

·AFFIRMED.

*Hiram N. Moore* and *R. L. Johnston* for appellants.

*A. E. L. Gardner* for respondents; *Wilfred Jones* of counsel.

The order of the county court in incorporating the city of Maplewood recited that the petitioners who signed the petition for the incorporation of said city "did comprise a majority of the inhabitants as well as of the taxable inhabitants" of said city, which finding under the authorities above cited is conclusive; but the statute has been construed to require a majority only of the "taxable inhabitants" without making a majority of all the inhabitants an essential requirement. State ex rel. v. Fleming, 147 Mo. 1; Id., 158 Mo. 558; State ex rel. v. Jenkins, 25 Mo. App. 484.

GOODE, J.—This is a proceeding by writ of *certiorari* to have determined the propriety of the order of the county court of St. Louis county, incorporating a tract of land therein as a city of the third class under the name of Maplewood. The application for the writ of *certiorari* was to the circuit court of St. Louis county, which court granted the writ against defendants, judges of the county court, who made return June 27, 1908, and attached to the return copies of the petition filed with the county court for the incorporation of the territory, remonstrances filed against such action and all other documents, papers, records, orders and proceedings had in the county court pertaining to the matter. After this return had been made, the circuit court quashed the writ of *certiorari* theretofore issued, whereupon an appeal was taken by relators to this court. The proceedings in the county court shown by the exhibits attached to the return of the judges of that court, show a petition was filed in March, 1908, and on April 1, 1908, a supplemental petition, which are treated by the parties as constituting one petition, praying the county court to incorporate certain described territory

into a city of the third class under the name of Maplewood, and to establish a police force and local government for it when incorporated. The petition spoke of the signers as all the "taxable inhabitants" of the territory proposed to be incorporated; and the signers numbered 776, of whom the records show 107 afterwards and before the county court acted, withdrew their names, leaving a total of 669 petitioners. Numerous papers containing the names of the remonstrators against incorporating the territory were filed, the signers of the remonstrances numbering 966, of whom four afterward withdrew their names, thus leaving a total of 962. The papers containing the names of the remonstrators described the signers as "assessed taxpaying citizens residing within the boundaries of said proposed corporation." On the face of the petition and the remonstrances a majority of 293 remonstrated against the territory being incorporated, if the withdrawal of names after filing was allowable, a point we do not decide. The county court took evidence, including the testimony of witnesses, and on May 20, 1908, entered findings and a judgment wherein the court declared it had duly considered the petition to incorporate the city of Maplewood, had heard all the evidence submitted by and for the petitioners and by any and all persons whomsoever who desired to submit testimony in that behalf, and the court being fully advised in the premises, found and was satisfied that on March 16, 1908, and on the first day of April, 1908, the petitioners to incorporate filed their petition praying they might be incorporated in the name of Maplewood and a police force established and a local government, setting forth in the petition the metes and bounds of the proposed limits of the municipality. The court made other findings, including these:

"That the territory comprehended and included in said city of Maplewood (hereinafter described) is wholly within the county of St. Louis, Missouri, and contains a population of over three thousand and less than thirty...

thousand inhabitants, and that the petitioners who have as aforesaid signed and presented to this court said petitions for said incorporation of said city of Maplewood, comprise more than a majority of the inhabitants of said city of Maplewood and of said territory embraced therein, and more than a majority of the taxable inhabitants thereof, and that said petitioners did comprise a majority of the inhabitants as well as of the taxable inhabitants thereof when said petitions were all duly filed herein (more than thirty days ago) and the incorporation of said city of Maplewood would be lawful and proper, and in conformity with the spirit, purpose and intent of the laws of Missouri; and the court doth further find that the said city of Maplewood is not adjacent to or within two miles of or from the limits of any city of the first, second or third class in said St. Louis county; and the court doth further find that a large proportion of the land within the limits of said city of Maplewood has been subdivided into lots for residence purposes and is not used for agricultural purposes. Now, therefore, it is ordered, considered, declared and adjudged by this court, the county court of the county of St. Louis, pursuant to the authority vested in said court by the laws of Missouri, that said city of Maplewood be, and is, hereby incorporated, and that the inhabitants within said city as defined within the territory hereinafter described in the county of St. Louis, Missouri, be, and they are, hereby, incorporated and declared to constitute a body politic and incorporate as a city of the third class by the name and style of the city of Maplewood, having as such city, body politic and incorporate, the following metes and bounds, all within the county of St. Louis, Missouri."

In its judgment the county court described the territory to be incorporated and appointed temporary municipal officers for it. The proceeding was under the authority of the second part of section 5257 of the Revised Statutes of 1899, to-wit:

"Any city or town of the State not incorporated may become a city of the class to which its population would entitle it under this article, and be incorporated under the law for the government of cities of that class, in the following manner: Whenever a majority of the inhabitants of any such city or town shall present a petition to the county court of the county in which such city or town is situated, setting forth the metes and bounds of their city or town and commons, and praying that they may be incorporated, and a police established for their local government, and for the preservation and regulation of any commons appertaining to such city or town, and if the court shall be satisfied that a majority of the taxable inhabitants of such town have signed such petition, the court shall declare such city or town incorporated, designating in such order the metes and bounds thereof, and thenceforth the inhabitants within such bounds shall be a body politic and incorporate, by the name and style of the city of ———— or the town of ————; and the first officers of such city or town shall be designated by the order of the court, who shall hold their offices until the first general election of officers, as provided by law, and until their successors shall be duly elected and qualified: Provided, That when any city or town is or may be situated on the county line, and in two counties, the petition shall be signed by a majority of the taxable inhabitants of such city or town in each county, and presented to the county court of each county, and designating which of the two county courts shall designate the officers therefor, and if the county court of each county declares such city or town incorporated, the inhabitants thereof shall henceforth be a body politic and incorporate by the name and style of the city of ———— or the town of ————, and provided further, that appeals taken from the decision of the mayor, judge or other officer before whom any cause is tried, acting for said city or town, may be sent to the circuit court of either county wherein such city or town

is situated, as may be specified in the order granting such appeal."

Relators contend the proceedings of the county court are invalid on their face for two reasons: First, the petition presented asking the court to incorporate the city of Maplewood did not purport to be signed by a "majority of the inhabitants" of the city in conformity to one of the requirements of the statute supra, and hence jurisdiction of the proceeding was not acquired by the county court; second, the county court found there were at least three thousand inhabitants within the proposed territory, and only 669 having petitioned for incorporation, it is apparent less than a majority of the inhabitants were petitioners. The county court found the territory proposed to be organized into a city of the third class contained 3000 and less than 30,000 inhabitants, making the finding because a population within those limits is required by the statutes for a city of the third class. [Revised Statutes 1899, sec. 254.] It is true section 5257 in one place says "whenever a majority of the inhabitants" shall petition the county court may take action. This expression must be construed in connection with the rest of the section; and the entire tenor of the statute, properly understood, is to authorize the county court to incorporate a described territory "when a majority of the taxable inhabitants have signed a petition asking it to do so." If a majority of the inhabitants must petition, then the petitioners would include not only non-taxpayers, but the youngest children. We will not reason about this point, for it is too plain for debate, and, moreover has been determined adversely to the contention of relators. In State ex rel. v. Jenkins, 25 Mo. App. 484, the exact question is presented for decision. That case involved the construction of section 5004 of the Revised Statutes of 1879, which provided for the incorporation of a town or village, and said whenever two-thirds of the inhabitants of a town or village within the state should present a

petition to the county court setting forth the metes and bounds and praying they might be incorporated, and the court should be satisfied two-thirds of the taxable inhabitants of such town or village had signed such petition, and that the prayer of such petition was reasonable, the county court might declare such town or village incorporated. It will be perceived said section was, as to the point in hand, precisely like the section we are dealing with; for it used the words "two-thirds of the inhabitants" when prescribing who must sign the petition to incorporate a town or village, and the words "two-thirds of the taxable inhabitants" when prescribing whom the county court must find had signed it in order to empower the court to act on the petition. The application in said case purported to come from the resident "taxable inhabitants" of the village, and the order of the county court declared it appeared two-thirds of the taxable inhabitants had signed. The point made was the record must show the petition was presented by two-thirds of all the inhabitants, otherwise the county court could not take jurisdiction; further that the recital of the record of the county court that two-thirds of the taxable inhabitants had signed the petition availed nothing to cure the defect in the jurisdictional averments. This contention was refuted by unanswerable reasoning and rejected. In State ex inf. v. Fleming, 147 Mo. 1, 158 Mo. 558, the petition was exactly like the one in the case at bar, yet the order of the county court incorporating the city of Webster Groves was upheld. We have before us the additional fact that the county court found the petitioners for incorporation were not only a majority of the taxpaying inhabitants of the territory to be incorporated, but a majority of all the inhabitants. The finding of said court was a judicial act and cannot be reviewed in this proceeding; perhaps not in any proceeding. [Cases supra; Hall v. DeArmond, 46 Mo. App. 596.] Evidence was taken on the issues of fact raised between the petition-

ers and the remonstrators and presumably the court determined correctly the matters at issue.

We have preferred to dispose of this appeal by considering on its merits the point raised against the validity of the judgment, rather than go into the question of the propriety of the remedy, but we must not be understood to hold *certiorari* is the proper remedy.

The judgment of the circuit court quashing the writ and dismissing the cause against respondents must be affirmed. All concur.