Dear Representative Wyrick:
This letter is in response to your question asking:
 Does the term "taxable inhabitants" in § 80.020 RSMo 1978 include or exclude persons who are not residents within the area proposed as a town or village, even though such persons own taxable property within the area proposed as a town or village?
The statement of facts in your opinion request indicates that the Camden County Commission has been petitioned to form a village in the Horseshoe Bend area of Camden County, Missouri. You state that there are approximately three thousand, eight hundred (3,800) people or entities who own property in the area of the proposed village. However, you state that there are only four hundred sixty-seven (467) "residents" and only three hundred fifty-four (354) of these residents are adults.
Section 80.020, RSMo 1978, requires, in part, that a petition to form a town or village, signed by "two-thirds of the taxable inhabitants of any town or village", be filed with the county court or commission.
Opinion No. 39, Hensley, 1956, copy enclosed, concluded that the term "taxable inhabitants" includes only those who aresui juris and would thus exclude children under the age of eighteen (18) years. See, e.g., Section 431.055, RSMo 1978. This case relied upon State ex rel. Lee v. Jenkins,25 Mo. App. 484, 488 (1887) which, in response to a claim that the term "taxable inhabitants" in a predecessor of Section80.020, RSMo 1978, included all inhabitants, replied that: "Such an interpretation would, in nine cases out of ten, render the law impossible of execution. It is not unreasonable to suppose that in many, if not a majority of, Missouri towns and villages, at least one-half the population consists of . . . children [and other persons who are not sui juris]. It would, therefore, be impossible for two-thirds of the whole number to sign a petition, without including many who are notsui juris." 25 Mo. App. at 488. However, the petition dealt with in Lee was signed by the "residents and taxable inhabitants of the Village of Doniphan." 25 Mo. App. at 488.See also State ex rel. Sutton v. Wiethaupt,150 Mo. App. 54, 129 S.W. 768, 769 (1910) (petition to form a third class city under the name of Maplewood in St. Louis County was signed by the "assessed taxpaying citizens residing within the boundaries of said proposed corporation.").
In Schlarman v. City of St. Charles, 623 S.W.2d 57
(Mo.App. 1981), the court defined the term "inhabitant" as an "occupant"; i.e., one having present control of the area. This definition of "inhabitant" could raise many problems with the administration of the statute in question. For example, one would have to decide whether owners of second homes inhabit their vacation dwelling during non-vacation periods; whether all the owners of time-share condominiums are "taxable inhabitants"; whether corporations, partnerships or other entities owning taxable property are inhabitants; and whether landlords leasing residential property in the area of the proposed village but permanently residing outside this area occupy or inhabit the rented premises if they retain control of common areas. Reading the term "taxable inhabitants" as the functional equivalent of "taxable occupant", under the broad definition adopted inSchlarman, leads to some absurd results and an impossibility of administration of the statute in question. Lee stands for the proposition that such "absurd" interpretations should not be adopted.
A few cases define the term "taxable inhabitant" as the functional equivalent of "taxable resident". See, e.g.,Howe v. Town of Ware, 330 Mass. 487, 115 N.E.2d 455 (1953). The problem with adopting this definition of the term "taxable inhabitant" is the technical definition of the term "resident" in Missouri. See, e.g., State ex rel. King v. Walsh,484 S.W.2d 641 (banc 1972) (defining the word "resident" as not requiring actual, physical presence).
In State ex rel. Little v. Board of County Commissionersof Cherry County, 182 Neb. 419, 155 N.W.2d 351 (1967), the court adopted the Black's Law Dictionary definition of inhabitant as: "One who resides actually and permanently in a given place, and has his domicile there." 155 N.W.2d at 354
(quoting Black's Law Dictionary 921 (4th Ed.)). We believe this latter definition is consistent with the legislative intent behind the statute.
We conclude that the term "taxable inhabitants" in Section80.020, RSMo 1978, excludes persons who are not actual and permanent residents of the area proposed as a town or village, even though such persons may own taxable property within the area proposed as a town or village.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General