STATE *ex rel.* CHARLES B. BORNEFELD, Relator, *v.* JOHN KUPFERLE, Respondent.

1. *Quo warranto, writ of — Information in nature of a civil proceeding — Burden of proof in proceeding under.* —An information in the nature of a writ of *quo warranto* is essentially a civil proceeding; and where such an information was brought to try the right of respondent to the office of secretary of a certain insurance company: *held,* that the burden of proof was upon the relator, and that every reasonable intendment was to be made in favor of the regularity of the proceedings by which respondent was put in office. They were the acts of a private corporation, and are to be presumed regular until the contrary appears.

2. *Corporations — Officers, election of — Presumptions.* — Officers of a corporation, in possession of their respective offices, are presumed to be regularly elected and entitled to hold until the contrary be shown.

3. *The "German Insurance Company," of St. Louis — Power of removal by directors.* —Under the twenty-second by-law of that institution, a majority of the *de facto* board of directors of the "German Insurance Company," of St. Louis, had a right to remove the secretary for sufficient cause, without formal notice of charges or trial; and until their action is impeached it is to be presumed that they acted on sufficient grounds.

State ex rel. Bornefeld, relator, v. Kupferle.

*Information in the nature of quo warranto.*

*Dryden & Lindley,* and *M. Kinealy,* for relator.

I. The fact being established that Bornefeld was, prior to the 2d day of June, 1868, secretary of the company, the law presumes that relation or state of things to continue in *statu quo* until the contrary be shown. ( 1 Greenl. Ev. § 41. ) To overcome this presumption the defendant relies upon the alleged removal of Bornefeld and the election of defendant as secretary of said corporation; and, as to these allegations, the burden of proof is on the defendant. (1 Greenl. Ev. § 74.) Particularly there, as in this case, the means of proof lie peculiarly within the knowledge of the defendant. ( 1 Greenl. Ev. § 79, p. 92 ; 8 Mo. 417.)

II. Rules of evidence and practice in ordinary civil actions have no application in this case. Proceedings on *quo warranto* are regulated by special statute. (Gen. Stat. 1865, ch. 157.) And this is almost a literal copy of 9 Anne, ch. 20 : " When English statutes are adopted into our legislation, the known and settled construction of them by courts of law is considered as silently incorporated into the act." (2 Pet. 2 ; 5 Pet. 264, 358 ; 12 Pet. 527.) By the ancient practice, the subject had to prove his title to the franchise. (Tancred on *Quo Warranto,* introduction, p. 11 ; Abbot of Selby v. Keil, case 16, p. 146, cited in Tancred ; Rex v. Reek, 2 Lord Raymond, 1445 ; Rex v. Leigh, 4 Burr. 2143 ; Cole on Crim. Informations, vols. 54–55 of Law Lib. p. 221.)

III. Under our statute, *quo warranto* is still a criminal proceeding, and punishment is provided by section 5, chapter 157, of General Statutes.

IV. The information is not, strictly speaking, a part of the pleadings. (People *ex rel.* Falkenburg v. Miles, 2 Mich. 448 ; People v. Richardson, 4 Cow. 97 ; 4 Cow. 118, and cases cited.)

V. The case in 28 Verm. 594 does not apply, as there is in Vermont no statute concerning *quo warranto,* as we have. The case in 34 Miss. 688 (State v. Brown) does not apply, because *quo warranto* is regulated by a statute peculiar to that State, which allows defendant to plead not guilty, etc. (Rev. Code,

294, articles 16, 17.) The case in 37 N. Y. 193 does not apply, because "proceedings by information in nature of *quo warranto* are abolished, and civil action substituted." (Vorhies' Code, 801.)

VI. Relator was entitled to be heard and to have due notice. (Commonwealth v. German Society, 15 Penn. St. 251.) Notice must be particularly and positively averred. (Rex v. Richardson, 1 Burr. 540 ; Rex v. Liverpool, 2 Burr. 731 ; Baggs' case, 11 Co. 99 ; Commonwealth v. Pennsylvania Benef. Inst., 2 Serg. & R. 141.)

VII. The cause of removal must be sufficient. (Ang. & A. on Corp. §§ 427–8 ; People v. Clark, 15 Ill. 267 ; 15 *id*. 67 ; Commonwealth *ex rel*. Fisher v. German Society, 15 Penn. St. 253 ; 2 Burr. 731 ; 1 Hawks, 274.)

*Finkelnburg & Rassieur*, for respondent.

I. An information in the nature of a *quo warranto* is essentially a civil proceeding to decide, as between two parties, who has the better right to an office. (State v. Lingo, 26 Mo. 496 ; State v. Lawrence, 38 Mo. 535.)

II. The defendant, being in possession, will be presumed to hold rightfully, and the plaintiff must first prove the charges contained in the information. (State v. Hunton, 28 Verm. 594 ; State v. Brown *et al*., 34 Miss. 688 ; People v. Lacoste, 37 N. Y. 193 ; McDaniel v. Flower Brook Manuf. Co., 22 Verm. 274.)

III. The burden of proof is on plaintiff when he grounds his right of action upon a negative allegation, and where the establishment of this negative is an essential element in his case. (1 Greenl. Ev. §§ 74, 78.) The illegality of the election of respondent to the office in question is based upon the alleged unlawful election of Vahlkamp and Ploess as directors of the corporation. The information of the relator charges these parties to have been directors *de facto* in participating in the action of the board of directors. The legality of their election can not be inquired into collaterally, without showing a judgment of ouster against them in a direct proceeding for that purpose. (O. & M. R.R. Co. v. McPherson, 35 Mo. 13 ; 1 Hall, N. Y., 198–9 ; 9 Johns. 159 ; 6 Cowpens, 23 ; Ang. & A. on Corp. § 759.)

CURRIER, Judge, delivered the opinion of the court.

This is an information in the nature of a writ of *quo war-ranto*, the writ itself having long since fallen into obsoleteness and disuse. The information initiates a civil proceeding to try the right to an office, although in its origin and form it partakes of a criminal character, and is a substitute for the original writ of *quo warranto*. But the proceeding is essentially civil, and that is the established doctrine in this State. (Brison v. Lingo, 26 Mo. 496; McElhany v. Stewart, 32 Mo. 379; Hequembourg v. Lawrence, 38 Mo. 535.) The information, answer, and reply are subject to the rules governing corresponding pleadings in strictly civil causes—the information, in this regard, answering to the petition in civil suits. The question whether, in a given suit, the *onus* of proof is shifted from the complaining party to his antagonist, must be determined upon an examination of the pleadings, and not by reference to the form and history of an obsolete writ.

Apply these principles to the pleadings in the present suit. The relator initiates the proceeding, and alleges in the information that he was duly appointed secretary of the German Insurance Company, and assumed the duties of that office; that on the second day of June, 1868, a minority of the board of directors of the insurance company held an illegal meeting, assuming to be a quorum, and without warrant of law appointed two associate directors, who thereupon assumed to act as such directors; that the board thus composed, illegally and without notice to the lawful secretary, in violation of the by-laws of the company, removed that officer and declared the office of secretary vacant, and thereupon appointed the respondent to fill the vacancy; that the respondent, without any legal appointment or authority, assumed the place, and unlawfully continues therein, excluding the relator—the legal secretary—therefrom. This is the substance of the information, although it contains various other recitals and averments, and sets out in full certain by-laws which are supposed to have been violated by the proceedings complained of.

11—VOL. XLIV.

The answer denies the material averments of the information, and then proceeds to allege affirmatively a state of facts substantially negativing the allegations of the information, and asserting the entire regularity and lawfulness of the proceeding of the directors in declaring the office of secretary vacant, and in the appointment of the respondent thereto. The relator replies, denying the affirmative allegations of the answer.

In that state of the pleadings, on whom is the burden of proof? That is the material question in the case. Aside from an admission on the part of the respondent that the relator was legally in office prior to the second day of June, 1868, and until the office was declared vacant on that day, neither party introduced any testimony at the hearing—each claiming that the burden of proof was on the other. The court held that the *onus* was upon the relator, and gave judgment accordingly.

This is a civil proceeding, as already shown; and unless it is to be taken out of the category of other civil causes, in respect to the form and methods of trial, the judgment of the Circuit Court was clearly right.

The answer denies everything, and the legal presumptions are all against the relator, and yet it is claimed that the affirmative is on his adversary. We hold differently. Every reasonable intendment is to be made in favor of the regularity of the proceedings complained of. They were the acts of a private corporation, and are to be presumed regular until the contrary appears. (22 Verm. 274.) It is alleged that two of the parties who acted were illegally put upon the board of directors. But they acted as directors notwithstanding, and were directors *de facto*. (Ang. & A. on Corp. § 759.) In State *ex rel*. Danforth *et al*. v. Hunton *et al.*, 28 Verm. 594, which was a *quo warranto* proceeding, it was held that although the form of the issue required the defendants to show cause, and would therefore seem to indicate that the defendants should go forward, still the *onus* was on the relators; that the form of the issue did not correctly define the true position of the parties in regard to the presumptions of right. The court said: "The defendants are in possession of the office in question, and should be presumed regularly elected and entitled to

hold until the contrary be shown. The plaintiffs, then, are bound to make a case against them, and they should go forward in the proof and in the argument." This puts the matter on clear and reasonable ground, and there is nothing in our statute to require a different and less reasonable practice. The New York Court of Appeals, in a late case, held the same doctrine announced in the case from Vermont. ( See The People v. Lacoste, 37 N. Y. 192 ; State v. Brown, 34 Miss. 688.)

This view of the subject substantially disposes of the motion in arrest. The proceedings of the board of *de facto* directors are to be presumed regular until irregularity is shown. They are not to be presumed irregular. The twenty-second by-law, set out in the information, provides that " officers, except the president and vice-president, shall hold their offices until removed by the majority of the board of directors on a charge of disability, violation of duty, or any other sufficient cause." Under this rule the secretary was removable when the directors should consider there was sufficient cause for it, and they were the judges of the sufficiency of the cause. No formal notice of charges or trial was requisite. A majority of the *de facto* board of directors considered that a sufficient cause of removal had arisen, and accordingly removed the secretary, as the information shows, and put another man in his place. Until their action is impeached by proof, it is to be presumed that they acted on sufficient grounds.

Let the judgment be affirmed. The other judges concur.