———o———

JAMES H. BRITTON, Petitioner, *vs.* LOUIS A. STEBER, *et al.*, Respondents.

1. *Office—Title to one not under the State—Supreme Court will not consider by certiorari.*—Under the present constitution, Art. V, § 12, neither appeal nor writ of error will lie from the Court of Appeals to the Supreme Court, where the title to an office, not under the State, is in contest; and for the same reason the title thereto cannot be examined by the Supreme Court on *certiorari.*

2. *Supreme Court—Original remedial writs—Jurisdiction' as to, concurrent.*—In all cases where the Supreme Court is authorized to issue original remedial writs, its jurisdiction is simply concurrent, and the same matter may come up by writ of error or appeal from the lower court.

3. *Officer—Mayor not one under the State—Constitution.*—The mayor of a city is not an officer under the State within the meaning of the present constitution.

4. *State officer—Powers and functions, how derived and exercised.*—A State officer may be connected with some of the municipal functions, yet he must derive his powers from and exercise them in obedience to a State statute. And an officer elected under a municipal charter does not come within these requirements.

5. *Supreme Court—Jurisdiction—Incompetency of lower court.*—When the Supreme Court has no jurisdiction, it cannot assume it by reason of some extraneous matter, such as the incompetency of the lower court by reason of some of its members having been of counsel in the cause.

*Application for Certiorari.*

*H. A. Clover,* for Petitioner.

The Supreme Court has jurisdiction to award a *certiorari* not only to inferior courts, but to persons invested by the legislature with power to decide on the property or rights of the citizen, even in cases where they are authorized by statute finally to hear and determine, if the jurisdiction be not taken away by express words. (4 Hawk., 144; 1 Galk., 146; 1 Lord Raym., 580; Lawton vs. Commissioners of Cambridge, 2 Cai., 179; Le Roy vs. Mayor, etc. of N. Y., 20 Johns, 430; Lynde vs. Noble, 20 Id., 80; Bradhurst vs. First Great S. W. Turnpike Co., 16 Id., 8; Ex-Mayor of Albany, 23 Wend., 277.)

But a *certiorari* for such purpose is not to be allowed before the case is finally adjudicated below. The office of the writ is not to withdraw the case before trial, but subsequently to cause it to be reviewed. (Lynde vs. Noble, 20 Johns, 80, and cases cited by Judge Lindley in his opinion on a former application for the writ.)

*W. B. Thompson,* for Petitioner.

I. Though a statute declares that no appeal shall be allowed from an inferior tribunal, but that its decisions shall be final, yet the Supreme Court may review those decisions on *certiorari.* (Murfree vs. Leeper, 1 Overt., 1; Reardon vs. Guy, 2 Hay., 245; Clark vs. Paterson, 6 Binn., 128; Com. vs. Rabb, Wright [Ohio], 48; Penn. Co. vs. Spring Garden, 6 Serg. & R., 524; *Ex parte* Roe, F. & P. Charl. [Ga.], 38; McClure vs. White, Asd. [Pa.], 192.)

II. Though a statute directs that no *certiorari* shall issue to review or remove into the Supreme Court any proceeding had in pursuance of it, yet a *certiorari* may issue to bring up proceedings, which are not in pursuance of the statute, though they are had under pretence of it. (Ackerman vs. Taylor, 8 N. J., 3, 268, 305.)

III. While the right of appeal depends upon statutory provisions, it is equally well settled, that in the absence of ex-

press prohibition, a *certiorari* will lie in the absence of legislative restriction, when a court acts in a summary manner, or in a new course different from the common law. (Henry vs. Drage, 1 Minn., 166.)

*Henderson & Shields*, for Petitioner.

I. Though a statute declares that no appeal shall lie from an inferior tribunal, and that its decisions shall be final, yet the Supreme Court may review those decisions on *certiorari*. (Reardon vs. Gray, 2 Hayw. [N. C.], 245 ; *Ex parte* Roe, Fand. P. Charl. [Ga.], 38 ; Murfree vs. Leeper, 1 Tenn., 1 ; Comm. vs. Rabb & F., Wright [Ohio], 48 ; Levy vs. New York, 20 Johns., 430 ; People vs. County Court Jefferson, 56 Barb., 136.)

II. In proceedings by *certiorari* at common law, the Supreme Court determines the questions involved upon the record of the court below, and affirms the judgment of the court below, if regular and legal, if otherwise, it quashes the whole proceedings. (Haveland vs. White, 7 How. Pr. [N. Y.], 154 –6 ; Com'rs of Sonora vs. Supervisors, 27 Ill., 140 ; Carter vs. Newbold, 7 How. Pr., 166 ; Fore vs. Fore, 44 Ala., 478 ; Hopkenter vs. Smith, 15 N. H., 152–4 ; People vs. Ass. Brooklyn, 39 N. Y., 81 ; Com'rs vs. Sheldon, 3 Mass., 188.)

*Chandler & Young*, for Petitioner.

*Geo. A. Madill*, for Respondents.

I. The original jurisdiction of this court, and of the St. Louis Court of Appeals is the same. (New Const. Mo., Art. 6, §§ 3, 12.) Each court has the power to issue writs of *certiorari*, and to hear and determine the same. Bearing in mind that the case which the petition seeks to have reviewed by this court, is a contest of an election for the office of mayor, it will be seen on a reference to section 12 of Art. 6 of the constitution, that it is a case within the final appellate jurisdiction of the Court of Appeals, provided this petitioner is required like other litigants to be content with the original jurisdiction of the courts of his own city and county.

In other words, this court is asked to hear indirectly by resort to the writ of *certiorari* a case, which, by the constitution of the State, it has no jurisdiction to hear on appeal.

## PER CURIAM.

The court have examined this case attentively, and whilst there are many questions involved upon which doubts exist, they have unanimously arrived at the conclusion that the writ should be refused for the following reason : Our present constitution has organized an appellate court in St. Louis county and given to it final jurisdiction, except in certain specified instances, and the only case in which its judgment can be revised as to officers is where the title to an office under this State is brought in contest. In every case respecting the title to an office, not under the State, it was obviously intended that its judgment should be final.

If a writ of error will not lie or an appeal be granted, then certainly a *certiorari*, which in effect performs the functions of an appeal or writ of error, ought not to be granted. It would be permitting this court by indirect means to assume a jurisdiction which the constitution directly prohibits it from exercising by the usual modes of procedure. If the *certiorari* had been issued by the Court of Appeals, which possessed undoubted jurisdiction, and its judgment thereon was final, that would amount to a convincing argument that it was never intended that this court should take cognizance of the case. For there could not be under our system two courts of concurrent jurisdiction, each of whose determinations would be final. In all cases where this court is authorized to issue original remedial writs, its jurisdiction is simply concurrent, and the same matters can be determined, and usually are determined here, by appeal or writ of error in reviewing the judgments of the lower courts. The jurisdiction in both courts is undoubted, and it resolves itself into a question as to the tribunal in which the suit shall be instituted in the first place.

We do not regard the mayor of a city as an officer under the State within the meaning of the constitutional provision. There is a recognized distinction between State officers, whose duties concern the State at large, or the general public, although exercised within defined territorial limits, and municipal officers, whose functions relate exclusively to the particular municipality. (Dill. Mun. Corp., § 33.) A State officer may be connected with some of the municipal functions, but he must derive his powers from a State statute and execute his powers in obedience to a State law. (State vs. Valle, 41 Mo., 29.) Whilst it is true, that the State grants the charter under which a city is organized and acts, yet those elected in obedience to that charter perform strictly municipal functions, and do not act in obedience to State laws in the manner enjoined upon State officers. Therefore, if the mayor is not a State officer, in a contest relating to the title to the office, the Court of Appeals would be the court of last resort. But in the present case this court is asked to assume jurisdiction where we think it is plain that it was not intended that we should have it. It is an attempt to get us to exercise a jurisdiction which the constitution by direct and reasonable intendment forbids. Where we are prohibited from acting upon a question on appeal or writ of error, we cannot upon any reasonable or just principle of construction take cognizance of it by *certiorari.*

A suggestion has been made that the Court of Appeals is incompetent to act on account of some of its members having been of counsel in the cause, but this can have no influence in the determination of the case. If this court has no jurisdiction, it cannot assume to exercise it by reason of any extraneous consideration.

The writ must be refused.