THE STATE OF MISSOURI *ex rel.* SAMUEL M. WOOD, Respondent, v. BENJAMIN T. MEEK, Appellant.

Kansas City Court of Appeals, December 4, 1893.

Appellate Jurisdiction: TITLE TO OFFICE: SCHOOL COMMISSIONER. In an action involving the title to the office of county school commissioner, the supreme court, and not the court of appeals, has appellate jurisdiction.

*Appeal from the DeKalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

TRANSFERRED TO SUPREME COURT.

*S. G. Loring* for appellant.

*Frank Costello* and *J. F. Harwood* for respondent.

ELLISON, J.—This proceeding is by writ of *quo warranto*, whereby it is sought to oust defendant from the office of county school commissioner for DeKalb county. The lower court entered judgment of ouster, and defendant appeals.

Among the cases of which the supreme court of Missouri has the exclusive appellate jurisdiction under the provision of article 6, section 12, of the constitution as amended in 1884, are those which involve

"the title to any office under this state." This pro-vision is of broader significance than that other pro-vision in the same section of the constitution which gives the supreme court jurisdiction of cases where "any state officer is a party." The former provision is said to be "not unlike that of section 6, article 14, which provides that all officers, both civil and military, 'under the authority of this state,' shall take the pre-cribed oath of office." *State ex rel. Blackemore v. Rombauer*, 101 Mo. 502. It has been held that a deputy constable would fall under the designation of an officer "under the authority of this state." *State v. Dierberger*, 90 Mo. 369. It must, therefore, follow that the office of county school commissioner is an office "under this state," and as such, in a case invol-ving the title to such office, this court has no appellate jurisdiction. The case will, therefore, be transferred to the supreme court. All concur.