THE STATE *ex rel.* RAGSDALE, *Appellant*, v. WALKER *et al.*

Division One, January 28, 1896.

1. **Jurisdiction of Supreme Court:** PRACTICE: WAIVER. The question of the appellate jurisdiction of the supreme court can not be waived by the parties or ignored by the court and may be considered on appeal, although not raised by the parties.

2. ————: OFFICER: MAYOR OF CITY OF THIRD CLASS. The mayor of a city of the third class acts wholly under the powers conferred by the municipal charter and is not an officer "under this state," within the meaning of section 12 of article 6 of the state constitution and section 5 of the amendment of 1884, giving the supreme court jurisdiction in cases involving "title to any office under this state."

*Appeal from Randolph Circuit Court.*—Hon. John A. Hockaday, Judge.

Transferred to Kansas City Court of Appeals.

*Ben T. Hardin* for appellant.

*Will A. Rothwell* for respondents.

Macfarlane, J.—This is a proceeding by *certiorari*, the purpose of which is to secure a review of the proceedings of the council of the city of Moberly under which that body made an order removing relator from the office of mayor of said city. The members of the city council are respondents. The writ was issued by the circuit court of Randolph county. The records of the proceedings of the council were duly returned in obedience to the writ. The court on inspection of the records found the proceedings and sentence of the council valid and quashed the writ and rendered judgment against relator for costs. From this judgment defendant appealed.

In our examination of this record we are met at the threshold by the question whether this court has appellate jurisdiction of the subject-matter involved in the proceeding. The question is not raised or discussed by either party but it is not one they can waive or we can ignore.

The proceeding involves the title to the office of mayor of the city of Moberly which is a city of the third class under the laws of the state. If appellate jurisdiction exists in this court it must be found under section 12, article 6 of the constitution and section 5 of the amendment of 1884. These construed together give this court appellate jurisdiction in cases involving "the title to any office under this state." *State ex rel. v. Rombauer,* 101 Mo. 503.

Is the office of mayor under the laws creating cities of the third class an office "under this state," within the meaning of the constitution? Owing to the complex character of municipal corporations the question is not without difficulties.

An office under the state must be one created by the laws of the state. The incumbent must be governed by state laws and must exercise his powers and perform his duties in obedience to a statute of the state. Municipal corporations are established by the laws of the state, their chief purpose being to regulate and administer the local and internal affairs of the city which is incorporated. Its officers are, in general, governed by the charter, by-laws, and ordinances, and exercise the powers and perform the duties prescribed by the municipality. It is true municipal officers, especially the police, are frequently required to perform duties in aid of the state government, but when they act in that capacity "it is not because they are corporate officers, but because of powers expressly annexed to their corporate offices; and the two capacities remain distinct, although united in the same person." 1 Dill. Mun. Corp., sec. 21.

The duties which an officer performs are not always a test of the character of the office. The true test is found in the law under which the office is created and by which the officer is governed in the discharge of his duties. If the creating and governing power is a state law, as distinguished from charter powers, then the office will be under the state. An officer who derives his powers directly from a state statute and performs his duties in obedience to it may be regarded as an officer under the state though his duties are local and a part of the administration of municipal affairs. This has been held in case of boards of police, water and park commissioners, of cities when acting under a

state law. *State ex rel. v. County Court*, 34 Mo. 546; *Garnier v. City of St. Louis*, 37 Mo. 554; *State ex rel. v. Valle*, 41 Mo. 29; *People ex rel. v. Draper*, 15 N. Y. 532; *Daley v. St. Paul*, 7 Minn. 390.

Dillon makes the distinction between the duties of state and municipal officers to be that those of the former concern the state at large, or the general public although exercised within defined territorial limits, while those of the latter relate exclusively to local concerns of the particular locality. Mun. Corp., sec. 58.

We find no authority which would make one an officer under the state who acts as does a mayor of a city of the third class, wholly under the powers conferred by the charter, and whose duties are confined to the administration of the local affairs of the municipality. We think the distinction between an office under the state government and one under a municipal government when not complicated by complex duties, very clear and are of the opinion that the office of mayor of the city of Moberly falls under the latter class. Acts, 1893, page 68. The question was so expressly ruled in the case of *Britton v. Steber*, 62 Mo. 374, but as another proposition held in that case has been criticised (123 Mo. 541) we have thought it proper to add something to what was there said. An examination of the cases referred to as criticising the *Britton* case will show, however, that the ruling on the point here involved was not questioned.

This court not having jurisdiction, the cause is transferred to the Kansas City court of appeals. BARCLAY, J., dissents; the other judges of this division concur.