THE STATE ex inf. ROBERT W. OTTO, Attorney-General, ex rel. W. F. BALES and A. F. WILLIAMS, v. F. HYDE et al., Appellants, —296 S. W. 775.

Court en Banc, June 27, 1927.

1. **APPELLATE JURISDICTION: Office under This State: Village.** An officer under a municipality, or under the ordinances thereof, is not "an officer under this State," within the meaning of those words as used in the Constitution (Sec. 5, Art. 6, Amendment of 1884) giving the Supreme Court jurisdiction of a case involving "title to any office under this State," and the Supreme Court has no jurisdiction of a quo warranto proceeding, brought at the relation of private citizens, to oust the officers of a village. "An office under this State" is one directly created by the laws of the State, and not otherwise.

2. ———: ———: **Attorney-General: Quo Warranto.** The fact that the Attorney-General at the relation of private citizens files the petition in the quo warranto proceeding to oust the officers of a municipality does not make either the State officer or the State a party, and does not give the Supreme Court jurisdiction of the appeal on the ground that "title to an office under this State" is involved. Such action is not brought by the Attorney-General ex officio, and he is not the real party in interest when the proceeding is brought upon his information at the relation of private citizens.

3. ———: **Transfer: After Motion Overruled.** Although the question of appellate jurisdiction is not raised by either party, this court will not adjudicate a case not within its jurisdiction; and a ruling upon a motion to transfer to the proper court of appeals is not res adjudicata, and although a motion to transfer has been filed and overruled, the court, when it reaches the cause and discovers that it has no jurisdiction, will order the cause transferred.

---

Corpus Juris-Cyc. References: **Courts,** 15 C. J., Section 171, p. 852, n. 77; Section 511, p. 1080, n. 52; Section 630, p. 1152, n. 58. **Quo Warranto,** 32 Cyc., p. 1442, n. 17.

Appeal from Shannon Circuit Court.—*Hon. E. P. Dorris,* Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*Cunningham & McClellan* and *L. N. Searcy* for appellants.

*Green & Green* and *L. B. Shuck* for respondent.

GRAVES, P. J.—This is said to be an action in *quo warranto to test the validity of the incorporation of the town or village of Eminence* in Shannon County, Missouri. It is sought to make a corpse of the corporation, without making it a party to the action. The parties are (1) The State ex inf. Robert W. Otto, Attorney-General, at the relations of Bales and Williams, private relators, as relators, and (2) the respondents are some ten persons charged to be attempting to act as a board of trustees for the said village, together with the clerk of said board, and the marshal of said village. With the view that we have of our jurisdiction, it is not necessary, nor would it be proper, to discuss the absence of the village of Eminence as a party respondent. There is writing on the subject, however.

As presented the petition challenges the right of the respondents to hold their respective offices under the village government. The question at the threshold is that of our jurisdiction. It is not raised by the parties, but it is our duty to raise it. In other words this court should not adjudicate a case not within its jurisdiction. We shall confine our ruling to this simple question.

I. Our appellate jurisdiction is fixed by Section 12 of Article 6 of the Constitution, and Section 5, Article 6, of the amendment of 1884. [Ramsey v. Huck, 267 Mo. 1. c. 336.] The case wherein the matter was first fully discussed, after the amendment of 1884, was State ex rel. Blakemore v. Rombauer et al., Judges of St. Louis Court of Appeals, 101 Mo. 499. In this case we have a thorough discussion of the question by BLACK, J. He ruled that the Supreme Court had jurisdiction, on appeal, of all cases, wherein is involved "the title of any office under this State." He ruled that the office of circuit clerk was an "office under this State," and a case testing the title to such office was appealable to the Supreme Court only. As Judge WALKER says in the Ramsey case, supra, the ruling, by later decisions, has been extended to even township officers in Cass County, Missouri. [Macrae v. Coles, and Staley v. Wagner, 183 S. W. 578.] This was a unanimous opinion by Division One.

Judge ELLISON of the Kansas City Court of Appeals, in State ex rel. v. Meek, 55 Mo. App. 292, ruled that a case involving the title of the office of county school commissioner should be appealed to the Supreme Court. His opinion is so short that we quote it in full, as follows:

"This proceeding is by writ of *quo warranto*, whereby it is sought to oust defendant from the office of County School Commissioner for

DeKalb County. The lower court entered judgment of ouster, and defendant appeals.

"Among the cases of which the Supreme Court of Missouri has the exclusive appellate jurisdiction under the provision of Article 6, Section 12, of the Constitution as amended in 1884, are those which involve 'the title to any office under this State.' This provision is of broader significance than that other provision in the same section of the Constitution which gives the Supreme Court jurisdiction of cases where 'any state officer is a party.' The former provision is said to be 'not unlike that of Section 6, Article 14, which provides that all officers, both civil and military, "under the authority of this State" shall take the prescribed oath of office.' [State ex rel. Blakemore v. Rombauer, 101 Mo. 502.] It has been held that a deputy constable would fall under the designation of an officer 'under the authority of this State.' [State v. Dierberger, 90 Mo. 369.] It must, therefore, follow that the office of county school commissioner is an office 'under this State,' and as such, in a case involving the title to such office, this court has no appellate jurisdiction. The case will, therefore, be transferred to the Supreme Court. All concur."

With the opinion of ELLISON, J., before it, this court heard and determined the case upon the merits, in an opinion by BRACE, P. J., but in which there is no discussion of the question of jurisdiction. [State ex rel. v. Meek, 129 Mo. 431.] Jurisdiction had been discussed by ELLISON, J., and this court was evidently satisfied with Judge ELLISON's views. In fact, the cases are very much more numerous than given in the case of Ramsey v. Huck, supra.

But do these rulings apply to the case at bar? In other words do these men hold offices "under this State?" Of this question next.

II. In reading the case of State ex rel. Blakemore v. Rombauer, supra, we were forcibly struck with a statement made by counsel for relator (101 Mo. l. c. 500) whereat, in urging upon this court that it had appellate jurisdiction of the case out of which the prohibition proceeding grew, and that the Court of Appeals could not issue a writ of prohibition involving a case wherein the appellate jurisdiction was here, learned counsel said: "(3) Again, this case involves the 'title to an office under this State.' [Const., sec. 12, Art. 6.] This clearly means a case where the party holds the office in question under the statutes of this State, in contradistinction of a party who holds an office under a municipality or the ordinances thereof."

We frankly admit that the causes as to municipal officers have sometimes come to, and been determined by this court, but many have been determined by the courts of appeals. Appellate jurisdiction was not discussed in them. Thus in State ex rel. v. Town of Westport and its Aldermen, 116 Mo. 582, the case was tried here as an original proceeding in *quo warranto.* The case was at the relation

of the Prosecuting Attorney of Jackson County. This case would be really no authority either way, it being an original proceeding in this court. But in State ex rel. v. McReynolds, 61 Mo. 203, we have a case in *quo warranto* wherein the respondents were the trustees of the town of Butler. On appeal this court heard and determined the case. The question of jurisdiction is not mentioned. Further the case was filed in 1873, or two years prior to the Constitution of 1875. So too, in State ex rel. v. Campbell, 120 Mo. 396, we have *quo warranto* to oust Campbell from the office of Mayor of the City of Rolla. We decided the case, but the question of appellate jurisdiction was neither raised nor discussed. This case arose after the Constitution of 1875, and after the amendment of 1884. There may be others, and no doubt are.

Going to the courts of appeals, we find one case where the question of jurisdiction was raised. [State ex rel. v. Jenkins, 25 Mo. App. 484.] This Jenkins case was *quo warranto* against the Trustees of the Village of Doniphan, in Ripley County. The appeal was taken to the St. Louis Court of Appeals, and respondents raised a question of jurisdiction, but not the exact question we have here. In the case Judge LEWIS says: "A point is made by counsel for the respondent on the jurisdiction of this court. He affirms that the appeal should have been taken to the Supreme Court, under the constitutional provision applying to cases where a 'county or other political subdivision of the State is a party.' The objection is conclusively answered by the fact that this is a proceeding against individuals as personal wrong-doers, and the supposed corporation is not a party, in any way. At the same time, the point made admits, necessarily, that the defendants, at least, represented a 'political sub-division of the State.' This being so, the sub-division must be an existing municipal corporation, contrary to the plaintiff's averment, and the plaintiff has no case, on any ground."

From this time on we find many cases (like the one at bar) have been tried by our courts of appeal, without the question of appellate jurisdiction being raised, or discussed.

In State ex rel. v. Town of Mansfield et al., 99 Mo. App. 146, the action by *quo warranto* attacked the title to the offices of the mayor, the marshal and the collector of the town of Mansfield.

In State ex rel. v. Huff, 105 Mo. App. 354, the title to offices of the mayor and the councilmen of Ashgrove were involved.

In State ex rel. v. City of Carterville et al., 183 S. W. 1093, the city and its officers were involved.

In State ex inf. v. Town of Bellflower et al., 129 Mo. App. 138, both the town and its officers were involved.

In State ex rel. v. Small et al., 131 Mo. App. 470, we have *quo warranto* against the trustees only, of the village Anniston, in Mississippi County.

In all these cases, and there are no doubt many more, the several courts of appeals have taken appellate jurisdiction, but have not discussed the question. In fact the Jenkins case (25 Mo: App. 1. c. 487) is the only case that we have found which mentions jurisdiction, either in this court, or the courts of appeal. We do not believe that an officer under a municipality, or the ordinances thereof, is "an office under this State." Such an office ("an office under this State") must be one directly created by the laws of the State, and not otherwise. The appellate jurisdiction of this court does not extend to every little municipal office, which may be created by the municipalities of the State.

If we do not get jurisdiction under the clause of the Constitution just discussed, then there is none other giving us jurisdiction.

True the Attorney-General at the relation of private parties filed the petition, but this does not make either the State officer or the State a party. It might have been different (a matter we do not rule) had the action been by the Attorney-General *ex officio*. [State ex inf. Killam v. Consolidated School District, 277 Mo. 1. c. 470.] The Attorney-General is not the real party in interest, when private relators are used, as in the instant case. He hasn't even the power to control the case, as against the private relators. [State ex inf. Killam v. Consolidated School District, 277 Mo. 1. c. 471; State ex inf. v. Berkeley, 140 Mo. 1. c. 186; State ex rel. Boyd v. Rose, 84 Mo. 1. c. 202; State ex inf. v. Taylor, 208 Mo. 1. c. 452.]

From no angle can we put our finger upon a constitutional provision giving to this court appellate jurisdiction in this cause, much as we might like to dispose of the case for the parties. Disposing of the merits might have taken less time than it has to brief and discuss the question of our jurisdiction. However, we should pass upon no cause of which we have no jurisdiction. We have none in this case, and the said cause should be transferred to the Springfield Court of Appeals.

Our order heretofore made overruling a motion to transfer was inadvisedly made. It should be and is set aside. The motion to transfer assigned no reasons for our lack of jurisdiction. Our practice has been to reserve the right to determine jurisdiction up to the time we write the case. We have never considered a ruling (as here) upon a motion to transfer *res adjudicata*, but if we overruled the motion and retained the jurisdiction, we would transfer, if, when we reached the cause, we discovered our lack of jurisdiction.

Let the cause be transferred to Springfield Court of Appeals as aforesaid. All concur.