AGNES IBBETSON v. HARRY SCHULZ, ALBERT REILLY, MARSHALL STEVENS, JOHN W. ANGTHIUS, CHARLES H. DUBOIS, ROBERT REIS, GLENN R. MCCARTY, ROBERT E. BUTLER, JOHN FLANAGAN and AUGUST SPAHN, Appellants.—59 S. W. (2d) 617.

Division One, April 20, 1933.

*Henry G. Trieseler* for appellants.

*Verne Lacy* for respondent.

FRANK, P. J.—Mandamus. In the year 1930, relator was a candidate for the office of Collector for the City of Richmond Heights, in St. Louis County, an incorporated city of the fourth class under the laws of the State. At an election held in said city on April 1, 1930, she received the highest number of votes cast for said office at said election. The respondents constitute the Board of Aldermen of said City of Richmond Heights. After said election relator presented her bond, as collector of said city, to respondents for approval. Respondents refused to approve the bond on the ground that relator was ineligible to hold said office. This mandamus proceeding was brought in the Circuit Court of St. Louis County to compel respondents to approve said bond or appear on a day named and show cause why they should not do so. An alternative writ of mandamus issued to which respondents made return, alleging therein the reasons why relator was ineligible to hold said office and assigning said ineligibility as a reason for their refusal to approve the bond.

The question of our jurisdiction suggests itself. Relator says we have jurisdiction because the case involves title to an office under this State. Section 12 of Article VI of the Constitution of the State gives this court jurisdiction of all cases involving title to an office under this State. This court has definitely determined that a city office such as the one involved in this case is not an office under this State within the meaning of the constitutional provision which gives

this court jurisdiction of cases involving the title to an office under this State. [State ex rel. v. Walker, 132 Mo. 210, 33 S. W. 813; State ex inf. Otto v. Hyde, 317 Mo. 714, 718, 296 S. W. 775.] We adhere to the ruling in these cases without again discussing the question. The office in question not being an office under this State, we would not have jurisdiction if the title to the office were involved in this proceeding. It is therefore unnecessary to discuss or determine the latter question.

There is no other constitutional provision giving this court jurisdiction. The cause is accordingly transferred to the St. Louis Court of Appeals. All concur.