**STATE, at Inf. of DALTON, Atty. Gen.,
ex rel. TUCKER et al.**

. v.

**MATTINGLY et al.**

No. 44024.

Supreme Court of Missouri.

Division No. 1.

June 14, 1954.

Sater & Monroe, Monett, for appellants.

M. J. McQueen, Emory Melton, Royle Ellis, Cassville, for respondents.

CONKLING, Judge.

Quo Warranto. The petition in this cause, filed in the Circuit Court of Barry County upon the Information of the Attorney General, at the relation of certain named plaintiffs, questions the incorporation of the town of Exeter, in Barry County, Missouri, alleges the order of the county court of Barry County purporting to incorporate the town of Exeter as a fourth class city was void, and prays the ouster of defendants from the office of councilmen of the city of Exeter. To the petition defendants-respondents filed a motion to dismiss. Upon the hearing on that motion certain exhibits were received in evidence. The trial court sustained the motion to dismiss and plaintiffs refused to further plead. The trial court's judgment thereupon found the issues in favor of defendants. Plaintiffs then appealed.

The petition alleged that the county court of Barry County made an order on December 31, 1946, incorporating Exeter as a city of the fourth class; that defendants-respondents claimed to be and were purporting to function as aldermen of the

city of Exeter; that the county court order purporting to incorporate Exeter as a fourth class city was void; that the population of the territory purported to be incorporated was not large enough to warrant incorporation as a fourth class city; that the population of the territory involved was so small that a vote of the citizens of that territory was required as a condition precedent to incorporation; that the petition for incorporation neither provided for commons nor alleged that there were no commons; that the area involved was agricultural and the purported attempt to include the same into the town of Exeter was "arbitrary and excessive"; that defendants-respondents were usurping the rights of city officers and were acting to incur indebtedness as such city officers, and plaintiffs prayed defendants' ouster as such city aldermen.

The motion to dismiss filed by defendants alleged: that plaintiffs are the identical persons who were plaintiffs in a prior action of Tucker v. Miller, theretofore filed in the Circuit Court of Barry County, Missouri, against the instant defendants; that all the issues raised by the instant petition were raised in the former action of Tucker v. Miller; that the former action of Tucker v. Miller, upon change of venue, was tried in the Circuit Court of Greene County, Missouri, before Honorable William R. Collinson, as Judge, upon the merits, and judgment was rendered therein upon the merits in favor of defendants, and against the plaintiffs (relators in the instant action); that such prior judgment in the case of Tucker v. Miller, adjudicated and determined all the issues raised in such case, which are the identical issues raised in the instant action; that in the prior action of Tucker v. Miller, plaintiffs appealed from the judgment rendered by the Circuit Court of Greene County to the Supreme Court of Missouri, and that on January 9, 1953, this Court in Tucker v. Miller, 363 Mo. 820, 253 S.W.2d 821, held therein that the appeal was prematurely filed, and dismissed the appeal; that the judgment theretofore entered therein in the Circuit Court of Greene County thus became a final judgment and is thus res judicata of all the instant issues.

We first examine the question of appellate jurisdiction.

■ It is presently asserted in the briefs of both the appellants and the respondents that jurisdiction of the instant appeal is in this Court because the title of the respondents to their claimed offices as aldermen of the city of Exeter is involved in this case, and that jurisdiction is therefore in this Court under Section 3 of Article V of the Constitution, V.A.M.S. However, the "title to any office under this state" is not here involved or in issue. In this case only the title to a city office is involved or in issue. A city office is not an "office under this state." No "state officer" is a party to this cause. Ibbetson v. Schulz, 332 Mo. 850, 59 S.W. 2d 617, State ex rel. Ragsdale v. Walker, 132 Mo. 210, 33 S.W. 813, State ex inf. Otto ex rel. Bales v. Hyde, 317 Mo. 714, 296 S.W. 775, Green v. Owen, 326 Mo. 450, 31 S.W.2d 1037. We adhere to the ruling in the above cases.

■■ While it appears that in the instant cause, the Attorney General at the relation of the private persons named as plaintiffs filed the petition, such fact does not make either the Attorney General or the State a party to this cause. The Attorney General is not the real party in interest, when as in the instant case private relators are used. The Attorney General has no power to control the case in such an instance. State ex inf. Otto ex rel. Bales v. Hyde, supra, and cases there cited.

■ Search of the record before us reveals no ground for our jurisdiction of this appeal. The petition filed by the plaintiffs-appellants contained an allegation that under Section 1 of Article V of the Constitution the county court of Barry County had no authority to enter a decree incorporating the city of Exeter. But in their brief filed here plaintiffs-appellants have abandoned the just above allegation and position, and here assert that county

courts have jurisdiction to incorporate towns, citing, In the Matter of Disincorporation of City of Kinloch, 362 Mo. 434, 242 S.W.2d 59. Plaintiffs-appellants therefore have not preserved any such constitutional question for appellate review, and this Court does not have appellate jurisdiction because of the above allegation. City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372.

No basis for our appellate jurisdiction appearing, the cause is transferred to the Springfield Court of Appeals. It is so ordered.

All concur.