**STATE** of Missouri on the Information of Norman Anderson, Prosecuting Attorney, at the relation of John W. McNUTT, Appellant,

v.

**Byrle A. NORTHUP, Respondent,**

**City of Brentwood, Intervenor.**

No. 49534.

Supreme Court of Missouri,

Division No. 2.

May 13, 1963.

· BOHLING, Commissioner.

Quo warranto on the information of the prosecuting attorney of St. Louis County at the relation of John W. McNutt to try the right of Byrle A. Northup, respondent. to the office of Alderman from Ward 4, City of Brentwood, a city of the fourth class. The City of Brentwood was permitted to intervene upon motion. Relator and respondent received the same number of votes for said office at an election held April 4, 1961. Section 79.070, RSMo 1959, V.A.M.S. and §§ 1.460 and 41 of the Election Ordinances of said city, individually and cumulatively, are to the effect, in the event of a tie at an election in the vote for alderman that "the matter shall be determined by that Board of Aldermen." The Board of Aldermen of said city, proceeding under said sections, by motion duly made and seconded, declared and determined that respondent was the elected alderman of said Ward 4. Thereupon, respondent qualified and proceeded to act as such alderman. Relator attacked the constitutionality of said statute and ordinances on the ground they contravene the following provisions of the Missouri Constitution of 1945, V.A.M.S.; that is, § 3 of Art. VIII, providing: "All elections by the people shall be by ballot or by any mechanical method prescribed by law"; and § 25 of Art. I, the Bill of Rights, providing: "That all elections shall be free and open." He also challenges said statute and ordinances on the ground no method of procedure for determining who the alderman shall be is provided and, therefore, the provisions are nugatory. The trial court found the issues for the respondent, and relator has appealed.

Respondent and intervenor present the issue that relator did not file a motion for new trial and that this appeal should be dismissed. Relator has filed no reply brief, but, in answer to respondent's position, has inserted Point III in writing in his original brief to the effect that "in cases of this kind where only ultimate question of law is in question no such motion is necessary. Sup.

Robert W. Henry, Clayton, for appellant.

Ziercher, Tzinberg, Human & Michenfelder, Albert A. Michenfelder, Jr., Clayton, for respondent.

John F. Nangle, Clayton, for intervenor.

Ct.Rule 3.23; Morris v. I.C.T. Ins. Co., [Mo.] 316 S.W.2d 636." An appellant has the burden of establishing prejudicial error (Schlanger v. Simon, Mo., 339 S.W.2d 825 [3, 8]; Hardy v. McNary, Mo., 351 S.W.2d 17, 20[2, 3]), but relator has not undertaken to demonstrate wherein his citations sustain his position.

■ We mention that title to the office of alderman of a city of the fourth class does not involve "title to any office under this state" vesting appellate jurisdiction here under Art. V, § 3, Mo.Const. State ex inf. of Dalton ex rel. Tucker v. Mattingly, Mo., 268 S.W.2d 868[1]; Felker v. City of Sikeston, Mo.App., 334 S.W.2d 754[1].

■ Quo warranto proceedings are civil actions at law. State ex inf. McAllister ex rel. Cole v. Norborne Land Drainage Dist. Co., of Carroll County, 290 Mo. 91, 234 S.W. 344, 347[1]; State ex inf. McKittrick v. Wymore, 343 Mo. 98, 119 S.W. 2d 941, 946[12], 119 A.L.R. 710; State ex inf. Mallett ex rel. Womach v. City of Joplin, 332 Mo. 1193, 62 S.W.2d 393, 398[2]. "A new trial may be granted in a quo warranto proceeding on the same grounds and on the same showing as in civil cases generally." Quo Warranto, 74 C.J.S. § 47; People ex rel. Dickinson v. Sackett, 14 Mich. 243, 247. So far as here involved, our Rules of Civil Procedure (Rules 41 to 102, inclusive) govern the practice and procedure in all proceedings of a civil nature in the circuit courts, the courts of appeals and the Supreme Court. Civil Rules 41.01 and 41.02, V.A.M.R. Consult RSMo 1959, V.A. M.S., § 506.010.

Civil Rule 79.03 (formerly Sup.Ct.R. 3.-23) provides: "Allegations of error, in order to be preserved for appellate review, must be presented to the trial court in a motion for new trial; except" so far as possibly involved here under appellant's cited Morris case (316 S.W.2d 1. c. 640[2]) "questions of the sufficiency of the evidence to support the judgment in cases tried as provided by Rule [73.01]"; that is, cases

tried without a jury (see also RSMo 1959, V.A.M.S., § 510.310; Laws 1943, p. 387, § 114).

■ The purpose of a motion for new trial is to afford the trial court an opportunity to correct its own errors. It is the basic after-trial motion for preserving errors for review. Subject to certain exceptions, rulings on alleged trial errors not kept alive in the motion for new trial are not preserved for appellate review. Adams v. Richardson, Mo., 337 S.W.2d 911, 915[1]; Olson v. Olson, Mo.App., 184 S.W.2d 768, 772[3]. Constitutional questions generally should be raised at the first opportunity and be preserved for review in the motion for new trial. State v. Brookshire, Mo., 325 S. W.2d 497, 500[3]; State ex rel. Barnett v. Sappington, Mo., 260 S.W.2d 669, 671[6]. "Defendant city had the negative of any constitutional question which plaintiffs had raised; and if defendant desired to urge and preserve the point that the trial court erred in ruling any constitutional issue which may have been the basis of the trial court's decree, defendant city could and should have called the trial court's attention to the point by assignment of error in the motion for a new trial." Ingle v. City of Fulton, Mo., 260 S.W.2d 666[1, 2]. See cases cited in Ragan v. Ragan, Mo.App., 315 S.W.2d 142, 148, nn. 4, 5; Deacon v. City of Ladue, Mo.App., 294 S.W.2d 616, 622[1, 2].

■ This quo warranto proceeding was instituted upon the information of the prosecuting attorney of St. Louis County at the relation of John W. McNutt, a private individual, and against respondent Northup. The real parties in interest are the relator McNutt and respondent Northup. State ex rel. v. Mattingly, Mo., 268 S. W.2d 868[2, 3]. The burden of establishing his case rested upon relator. State ex rel. Gentry v. Sullivan, 320 Mo. 362, 8 S. W.2d 616[2]; State ex rel. Bornefeld v. Kupferle, 44 Mo. 154, 158. As respondent did not have the burden of disproving relator's charges, no issue exists with respect

to the sufficiency of the evidence to sustain a judgment in respondent's favor.

 Our Courts of Appeals have general appellate jurisdiction and the Supreme Court is of limited appellate jurisdiction. Haley v. Horwitz, Mo., 286 S.W. 2d 796[3, 4]. Relator has failed to discharge his burden of establishing jurisdiction over this appeal in this court, and the case should be transferred to the proper court of appeals.

The cause is transferred to the St. Louis Court of Appeals.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.